**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW ELLISON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, YUVAL SHACHAR, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., JEFFERIES LLC, OPPENHEIMER & CO. INC., ROBERT W. BAIRD & CO. INCORPORATED, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and D.A. DAVIDSON & CO,<br><br>Defendants. | Case No.: 1:20-cv-05646-GHW<br><br>Hon. Gregory H. Woods, III |
| DAVID MICHAELSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, and YUVAL SHACHAR,<br><br>Defendants. | Case No.: 1:20-cv-06290-GHW<br><br>Hon. Gregory H. Woods, III |

**MEMORANDUM OF LAW IN SUPPORT OF MARK HENRY'S MOTION FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................... 2

II.   PROCEDURAL HISTORY ............................................................................................ 4

III.  ARGUMENT ................................................................................................................ 4

    A.    Consolidation of the Actions Is Appropriate ...................................................... 4

    B.    Appointing Movant As Lead Plaintiff Is Appropriate ......................................... 5

        1.    Movant Filed a Timely Motion. ............................................................... 7

        2.    Movant Has the Largest Financial Interest. .............................................. 8

        3.    Movant Satisfies the Relevant Requirements of Rule 23. .......................... 8

            a.    Movant's Claims Are Typical. ............................................................ 9

            b.    Movant Is An Adequate Representative. ............................................ 10

    C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 11

IV.   CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................... 11

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................ 9, 10

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ......... 7

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................... 9

*Jakobsen v. Aphria, Inc.*,
No. 18-cv-11376 (GBD), 2019 U.S. Dist. LEXIS 64440 (S.D.N.Y. Mar. 27, 2019)............... 5

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)................................................................................... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 9

*O'Brien v. Pareteum Corp.*,
No. 19-cv-9767, 2020 U.S. Dist. LEXIS 4914 (S.D.N.Y. Jan. 10, 2020) .............................. 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................... 7, 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................. 10

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................. 5

**Statutes**

15 U.S.C. § 77z-1................................................................................................ passim

**Rules**

FED. R. CIV. P. 23.................................................................................... 1, 7, 8, 9

Fed. R. Civ. P. 42(a) .............................................................................................. 5

ii

Mark Henry ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions")[1], appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), on behalf of a putative class of purchasers of Tufin Software Technologies Ltd. ("Tufin" or the "Company") stock: (a) pursuant and/or traceable to the Company's false and misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's April 2019 initial public offering ("IPO" or the "April 2019 Offering"); and/or (b) pursuant and/or traceable to the Company's false and misleading registration statement and prospectus (collectively, the "December Registration Statement") issued in connection with the Company's December 2019 secondary public offering ("SPO" or the "December 2019 Offering"), against Defendants Tufin, Reuven Kitov ("Kitov"), Jack Wakileh ("Wakileh"), Reuven Harrison ("Harrison"), Ohad Finkelstein ("Finkelstein"), Edouard Cukierman ("Cukierman"), Yair Shamir ("Shamir"), Ronni Zehavi ("Zehavi"), Yuval Shachar ("Shachar"), and Underwriter Defendants[2] (collectively "Defendants")[3].

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most

---

[1] The Actions are *Ellison v Tufin Software Technologies Ltd., et al.,* Case No. 1:20-cv-05646 filed in the Southern District of New York on July 21, 2020 (the "*Ellison* Action") and *Michaelson v Tufin Software Technologies Ltd., et al.,* Case No. 1:20-cv-06290 filed in the Southern District of New York on August 10, 2020 (the "*Michaelson* Action")..

[2] The Underwriter Defendants are J.P. Morgan Securities LLC, Barclays Capital Inc., Jefferies LLC, Oppenheimer & Co. Inc., Robert W. Baird & Co. Incorporated, Piper Jaffray & Co., Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C., And D.A. Davidson & Co.

[3] Underwriter Defendants are not named in the *Michaelson* Action.

capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.   FACTUAL BACKGROUND[4]

Tufin, founded in 2005, develops, markets, and sells software and cloud-based security solutions, primarily in the U.S., Europe, and Asia. ¶¶ 13, 41. The Company's business is committed to increasing business agility, eliminating errors from manual processes, and ensuring continuous compliance through a single console. ¶ 41. Tufin's common stock trades on the New York Stock Exchange "NYSE" under the ticker symbol "TUGN". ¶ 13.

On March 6, 2019, Tufin filed a registration statement with the SEC on Form F-1, which, after several modifications, was declared effective on April 10, 2019 (the Form F-1, together with all amendments, is referred to herein as the "April Registration Statement"). ¶ 1. On April 11, 2019, Tufin filed a prospectus for its initial public offering (the "IPO") on Form 424B4, which incorporated and formed part of the April Registration Statement (the "April Prospectus" and

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Ellison* Complaint") filed in the *Ellison* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Ellison* Complaint. The facts set forth in the *Ellison* Complaint are incorporated herein by reference.

collectively, with the April Registration Statement, the "IPO Offering Documents"), issuing 7,700,000 ordinary shares to the investing public at $14.00 per share (the "IPO Price"), for anticipated gross proceeds of $107,800,000. *Id.*

On December 2, 2019, Tufin filed a second registration statement with the SEC on Form F-1, which was declared effective on December 5, 2019 (the "December Registration Statement"). ¶ 2. On December 5, 2019, Tufin then filed a prospectus for its secondary offering (the "SPO") on Form 424B4, which incorporated and formed part of the December Registration Statement (the "December Prospectus" and collectively, with the December Registration Statement, "SPO Offering Documents"), issuing an additional 4,279,882 ordinary shares to the investing public at $17.00 per share (the "SPO Price"), for anticipated gross proceeds of $72,757,994. *Id.*

The IPO and SPO Offering Documents (together, the "Offering Documents") that Tufin and the Underwriter Defendants used to ultimately secure over $180 million, combined, in net proceeds from investors, however, contained misleading statements in that, among other things: (i) Tufin's customer relationships and growth metrics were overstated, particularly with respect to North America; (ii) Tufin's business was deteriorating, primarily in North America; and (iii) as a result, Tufin's representations regarding its sustainable financial prospects were overly optimistic. ¶ 3.

The truth concerning the IPO and SPO Offering Documents began to emerge after both Offerings. ¶ 57. Right after the completion of the SPO, on January 9, 2020, Tufin's stock price dropped as investors processed the Company's preliminary unaudited revenue and non-GAAP operating loss estimates for its fourth fiscal quarter of 2019. *Id.* In response to the Company's GAAP loss estimates for its fourth fiscal quarter of 2019, Defendants stated that they expected to report total revenue in the range of $29.5 million to $30.1 million, compared to its previous

guidance of total revenue in the range of $34.0 million to $38.0 million, and that Tufin anticipated non-GAAP operating loss in the range of $1.1 million to $2.6 million, compared to the Company's previous guidance of non-GAAP operating profit in the range of $0.0 million to $3.0 million. *Id*. According to Defendant Kitov, "[t]he primary reason for our revenue shortfall was our inability to close a number of transactions, primarily in North America, that we anticipated would close but did not close by the end of the quarter." *Id*. On this news, the Tufin's share price dropped approximately 24%, or $4.14 per share, to close on January 9, 2020 at $13.08 per share. *Id*.

As of the date the *Ellison* Action was filed, July 21, 2020, Tufin shares continued to trade significantly below both the IPO price of $14.00 per share and the SPO price of $17.00 per share. ¶ 58.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned Actions against Defendants. Plaintiff Matthew Ellison ("Ellison") commenced the action against Tufin on July 21, 2020. On that same day, counsel acting on Ellison's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movant's Motion ("Hopkins Decl.").

As more news surrounding Tufin began to emerge after the filing of the *Ellison* Action, the *Michaelson* Action was filed against Tufin in this Court on August 10, 2020.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the

motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[D]istrict courts have 'broad discretion to determine whether consolidation is appropriate,' weighing 'considerations of judicial economy' against 'a paramount concern for a fair and impartial trial.'" *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376 (GBD), 2019 U.S. Dist. LEXIS 64440, at *4 (S.D.N.Y. Mar. 27, 2019) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Id.* at *5 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact." (citation and quotations omitted)); *O'Brien v. Pareteum Corp.,* No. 19-cv-9767, 2020 U.S. Dist. LEXIS 4914, at *5 (S.D.N.Y. Jan. 10, 2020). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related Actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Jakobsen*, 2019 U.S. Dist. LEXIS 64440, at *5.

### B.      Appointing Movant As Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

lead plaintiff filed by class members in response to a published notice of a class action by the later

of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of

class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the
> relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
> Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff

class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of
> adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the

PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge,

the largest financial interest in this litigation—having lost \$128,921.00[5] as a result of his

---

[5] Movant's loss is calculated pursuant to 15 U.S.C. § 77k(e), valuing shares at the (1) closing stock price on the date the initial federal complaint asserting claims under Section 11 if shares are retained; (2) selling stock price if sold prior to the filing of the suit; or (3) price at which the stock was sold, after the filing of the initial federal complaint, but before judgment, if sold for more than the closing stock price on the date the federal complaint was filed. On April 6, 2020, *Allen v. Tufin*

transactions in Tufin stock—and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion.

On July 21, 2020 pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Ellison published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Tufin stock that they had 60 days from the publication of the July 21, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *4 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

Movant timely filed his motion within the 60-day period following publication of the July 21, 2020 Press Release and has submitted herewith a sworn certification attesting that he is willing to serve as representatives of the Class and attaching his transactions in Tufin stock. *See* Hopkins

---

*Software Technologies Ltd., et al.,* C.A. No. 2:20-cv-03188 (C.D. Cal) (the "*Allen* Action") was filed, asserting claims against the Company for violations pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, regarding Tufin's IPO and SPO. On April 27, 2020, before the PSLRA deadline, the case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a). Three months later, the *Ellison* Action was filed in this Court, alleging identical claims against Tufin. Movant calculated his loss using the closing price of TUFN on the day the *Allen* Action was filed, April 6, 2020 using a closing price of $7.89. If Movant were to calculate his loss using the closing price of TUFN on the day the *Ellison* Action was filed, July 21, 2020, the closing price would be $10.50, and his loss would be $73,850.

Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first

PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Movant believes

that he has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movant purchased Tufin securities at prices alleged to have been artificially inflated by

way of the Defendants' scheme and/or in reliance upon the materially false and misleading

statements issued by the Defendants and were injured thereby. As a result of the alleged fraud

against Defendants, Movant suffered an approximate loss of $128,921.00. *See* Hopkins, Ex. B.

Movant is unaware of any other Class member claiming a larger financial interest in this matter

that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he

has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the

second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for

the Class.  *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in

the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a)

generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2)
> there are questions of law or fact common to the class, (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, concerning Tufin's business, violated the federal securities laws. Movant, like all members of the Class, purchased Tufin stock pursuant to the IPO and/or the SPO, at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist.

9

LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B.  Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant is a sophisticated investor with 30 years of investing experience. *See* Hopkins Decl., Ex. A. Movant, who resides in Villa Rica, Georgia, has a Master's Degree in Accounting, a Bachelor's of Science in Finance, and is a certified public accountant in the state of Georgia. *Id.* Although now retired, Movant used to be employed as the Treasurer and Senior Vice President of Finance at Infor, a $3.5 billion national software company, for 16 years.  *Id.* By way of his position at Infor, Movant has direct experience with filing documents with the SEC. Movant has also managed various lawsuits and has experience overseeing attorneys, throughout his 25+ year career of working for publicly traded companies.

Accordingly, at this stage of the proceedings, Movant has made more than the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the

largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C.     Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Hopkins Decl. Ex. D (Levi & Korsinsky' s firm resume). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

**IV.     CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as lead plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: September 21, 2020                    Respectfully Submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            By: /s/ *Shannon L. Hopkins*
                                            Shannon L. Hopkins (SH-1887)
                                            1111 Summer Street, Suite 403
                                            Stamford, Connecticut 06905

Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com

12