UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ELLISON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, YUVAL SHACHAR, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., JEFFERIES LLC, OPPENHEIMER & CO. INC., ROBERT W. BAIRD & CO. INCORPORATED, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and D.A. DAVIDSON & CO., <br><br> Defendants. | Case No. 1:20-cv-05646-GHW |
| DAVID MICHAELSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, and YUVAL SHACHAR, <br><br> Defendants. | Case No. 1:20-cv-06290-GHW |

**MEMORANDUM OF LAW IN SUPPORT OF JOCELYN TAN PECK HIANG'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   FACTUAL BACKGROUND.................................................................................... 2

III.  PROCEDURAL HISTORY...................................................................................... 2

IV.   ARGUMENT............................................................................................................ 3

     A.    The Related Actions Should Be Consolidated........................................................ 3

     B.    Tan Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff ................................................................................................................... 4

         1.    Tan Filed a Timely Motion........................................................................ 5

         2.    Tan Has the Largest Financial Interest ...................................................... 5

         3.    Tan Satisfies the Relevant Requirements of Rule 23................................. 6

             a.    Tan's Claims Are Typical............................................................... 7

             b.    Tan Is an Adequate Representative................................................. 8

     C.    Approving Tan's Choice of Counsel Is Appropriate ............................................. 8

V.    CONCLUSION...................................................................................................... 10

i

# TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3rd Cir. 2001) ...........................................................................................8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ....................................................................................7, 8

*Cornwell v. Credit Suisse Grp.*,
No. 08-cv-03758 (VM), 2011 WL 13263367 (S.D.N.Y. July 20, 2011).................................9

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ......................................3

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990), *cert. denied*,
*Celotex Corp. v. Johnson*, 498 U.S. 920 (1990) .......................................................................3

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281 (JFK), 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011).......................7

STATUTES, RULES & REGULATIONS

15 U.S.C.
§77z-1(a)(3)(B) ...................................................................................................................4
§77z-1(a)(3)(B)(ii) ..............................................................................................................3
§77z-1(a)(3)(B)(iii) .............................................................................................................6
§77z-1(a)(3)(B)(iii)(I) .........................................................................................................4
§77z-1(a)(3)(B)(iii)(I)(bb) ...................................................................................................6
§77z-1(a)(3)(B)(iii)(I)(cc) ...................................................................................................6
§77z-1(a)(3)(B)(iii)(II)..........................................................................................................4
§77z-1(a)(3)(B)(iii)(II)(aa) ...................................................................................................8
§77z-1(a)(3)(B)(iii)(aa).........................................................................................................5
§77z-1(a)(3)(B)(v) .................................................................................................................8

FEDERAL RULES OF CIVIL PROCEDURE
Rule 23(a)................................................................................................................................6
Rule 42(a)................................................................................................................................3

Jocelyn Tan Peck Hiang ("Tan") respectfully submits this memorandum of law in support of her motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of her selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel, pursuant to the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§77z-1, *et seq.* (the "Motion"). This action is brought on behalf of a putative class of purchasers of Tufin Software Technologies Ltd. ("Tufin" or the "Company") common stock in the Company's April 2019 Initial Public Offering (the "IPO") and/or December 2019 Secondary Public Offering (the "SPO") pursuant and/or traceable to misleading Offering Documents (defined below) (the "Class").

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff. Tan is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses she suffered as a result of Defendants' wrongful conduct as alleged in this action. Moreover, Tan satisfies the relevant requirements of Rule 23, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Tan's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Defendant Tufin is an Israeli company that develops, markets, and sells software and cloud-based security solutions. ¶13.  Tufin held its IPO on April 11, 2019, issuing 7,700,000 shares at a price of $14.00 per share for gross proceeds of $107.8 million. ¶1.  On December 5, 2019, Tufin held a SPO, issuing 4,279,822 shares at a price of $17.00 per share for total proceeds of approximately $72.7 million.  ¶2.  This action alleges that the offering documents, pursuant to which both the IPO and SPO where offered, contained materially incorrect or misleading statements and/or omitted material information that was required by law to be disclosed.  ¶¶7, 43-53.  On the date this action was filed, July 21, 2020, Tufin's stock price closed at $10.50.

The Complaint alleges that both the IPO and SPO's prospectus and registration statement (together, the "Offering Documents") contained misleading statements in that, among other things: (i) Tufin's customer relationships and growth metrics were overstated, particularly with respect to North America; (ii) Tufin's business was deteriorating, primarily in North America; and (iii) as a result, Tufin's representations regarding its sustainable financial prospects were overly optimistic. ¶53.  The Complaint further alleges that as the truth about these misleading statements has come to light, Tufin's stock price has declined and Tan and the other Class members have suffered significant losses and damages.  ¶¶57-58.  The Complaint brings claims under §§11, 12(a), and 15 of the Securities Act, 15 U.S.C. §§77k, 77*l*(a)(2), and 77o.

## III.    PROCEDURAL HISTORY

The first-filed case was filed by plaintiff Matthew Ellison ("Plaintiff Ellison") on July 21, 2020 (the "*Ellison* Action") and assigned docket number 1:20-cv-5646.  On the same day, the

---

[1]    Citations to "¶__" are to paragraphs of the Complaint for Violation of the Federal Securities Laws filed in the *Ellison* Action (defined herein) on July 21, 2020 (ECF No. 1) (the "Complaint"). Unless otherwise defined, capitalized terms shall have the same meaning as those set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

undersigned counsel for Plaintiff Ellison published a notice via *Business Wire* announcing the action and a lead plaintiff deadline "60 days from the date of this notice" to the public (the "Notice"). *See* Ex. A to the Declaration of Thomas L. Laughlin ("Laughlin Decl.") filed in support hereof. Sixty days from July 21, 2020, was September 19, a Saturday. A second, substantially similar case was filed by plaintiff David Michaelson ("Plaintiff Michaelson") on August 10, 2020, and assigned docket number 1:20-cv-6290 (the "*Michaelson* Action"). Together, the *Ellison* and *Michaelson* Actions are referred to herein as the "Related Actions."

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSRLA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under Rule 42(a), consolidation is appropriate when the actions involve "common question[s] of law or fact[.]" *Id.*; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, *Celotex Corp. v. Johnson*, 498 U.S. 920 (1990). "Consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same "public statements and reports"' and defendants will not be prejudiced." *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The Related Actions present similar factual and legal issues, as they involve the same subject matter, including the same statements by the Company, are based on the same wrongful course of conduct, and bring similar claims against similar defendants. Because the Related Actions arise from the same facts and circumstances, and involve the same subject matter, the

same discovery and similar class certification issues will be relevant to both Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Tan Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §77z-1(a)(3)(B). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the class – is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

As set forth below, Tan satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Tan has, to the best of her knowledge, the largest financial interest in this action – having lost $78,452 as a result of her transactions in Tufin

– and meets the relevant requirements of Rule 23.  *See* Laughlin Decl., Ex. C (loss chart).  In addition, Tan is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class.  Accordingly, Tan respectfully submits that she should be appointed as lead plaintiff.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Tan Filed a Timely Motion

On July 21, 2020, pursuant to 15 U.S.C. §77z-1(a)(3)(A)(i), counsel for Plaintiff Ellison published the Notice via *Business Wire* – a widely circulated national business-oriented wire service – announcing that this action had been filed and advising Tufin investors that they had 60 days to file a motion to be appointed as lead plaintiff.  *See* Laughlin Decl., Ex. A.  Sixty days from July 21 was September 19, 2020, a Saturday.  Lead Plaintiff motions are thus due today, September 21, 2020.[2]  Tan has timely filed her motion within the 60-day period following publication of the Notice and submitted herewith a sworn certification attesting that she is willing to serve as a representative of the Class and providing her transactions in Tufin stock.  *See* Laughlin Decl., Ex. B.  By making a timely motion in response to the Notice, Tan satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(aa).

### 2.    Tan Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the [the movant with] the largest financial interest in the relief sought by the class[.]"

---

[2]    Competing movant David Michaelson is incorrect that the Notice "advised investors in Tufin securities that they had until September 18, 2020 to file a motion to be appointed as lead plaintiff." *See* ECF 26 at 6.  The Notice states: "If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from the date of this notice." Laughlin Decl., Ex. A.  As the Notice was filed on July 21, and 60 days from July 21 was September 19, motions are due today, September 21.

15 U.S.C. §77z-1(a)(3)(B)(iii).  Tan believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, should be presumed to be the "most adequate plaintiff."

Tan purchased Tufin common stock at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby.  As a result of the alleged fraud against Defendants, Tan suffered a loss of $78,452.  *See* Laughlin Decl., Ex. C.  Tan is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff.  Consequently, Tan believes that she has the "largest financial interest in the relief sought by the Class[.]"  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).  Thus, Tan satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3.      Tan Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'" *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original). At the lead plaintiff stage of the litigation, Tan need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008).

### a.    Tan's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Tan's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Tan alleges that Defendants' material misstatements and omissions violated federal securities laws. Tan, like all members of the Class, purchased Tufin common stock in or pursuant to the IPO and/or SPO at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Tan's interests and claims are "typical" of the interests and claims of the Class.

**b.**   **Tan Is an Adequate Representative**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297.  Tan has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action.  *See* Laughlin Decl., Ex. D.  Tan is not aware of any conflict that exists between her claims and those asserted on behalf of the Class.

Accordingly, because she has the largest financial interest in this action and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Tan should be appointed as Lead Plaintiff.

**C.**   **Approving Tan's Choice of Counsel Is Appropriate**

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3rd Cir. 2001).  Thus, a court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]"  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Tan has selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Laughlin Decl., Ex. D.  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

---

[3]   Recoveries obtained by Scott+Scott acting as lead or co-lead counsel include the following: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, this Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Todd Hill v. Macrogenics, Inc.*, No. 8:19-cv-02713-GJH (D. Md.) *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); *Amann v. Metro Bank PLC*, No. 2:19-cv-04739 (C.D. Cal.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); and *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.).

---

(S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

In light of the foregoing, the Court should approve Tan's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Tan's choice of counsel, the putative Class will receive the highest caliber of representation.

## V.    CONCLUSION

For the foregoing reasons, Tan respectfully requests the Court grant this motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Tan as Lead Plaintiff; (3) approving Tan's selection of Scott+Scott as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

DATED:  September 21, 2020

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6334
Facsimile:  (212) 223-6444
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Counsel for Proposed Lead Plaintiff Jocelyn Tan Peck Hiang and Proposed Lead Counsel for the Class*

10