**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW ELLISON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, YUVAL SHACHAR, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., JEFFERIES LLC, OPPENHEIMER & CO. INC., ROBERT W. BAIRD & CO. INCORPORATED, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and D.A. DAVIDSON & CO,<br><br>    Defendants. | Case No.: 1:20-cv-05646-GHW<br><br>Hon. Gregory H. Woods, III |
| DAVID MICHAELSON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TUFIN SOFTWARE TECHNOLOGIES LTD., REUVEN KITOV, JACK WAKILEH, REUVEN HARRISON, OHAD FINKELSTEIN, EDOUARD CUKIERMAN, YAIR SHAMIR, RONNI ZEHAVI, and YUVAL SHACHAR,<br><br>    Defendants. | Case No.: 1:20-cv-06290-GHW<br><br>Hon. Gregory H. Woods, III |

**MARK HENRY'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMEPTING**
**LEAD LAINTIFF MOTION**

Movant Mark Henry ("Mr. Henry") respectfully submits this memorandum of law in opposition to the competing motions for lead plaintiff filed in the above-captioned securities class actions (the "Actions") against Tufin Software Technologies Ltd. ("Tufin" or the "Company"), Reuven Kitov "("Kitov"), Jack Wakileh ("Wakileh"), Reuven Harrison ("Harrison"), Ohad Finkelstein ("Finkelstein"), Edouard Cukierman ("Cukierman"), Yair Shamir ("Shamir"), Ronni Zehavi ("Zehavi"), Yuval Shachar ("Shachar"), and the Underwriter Defendants[1] (collectively, the "Defendants").

## I. PRELIMINARY STATEMENT

Presently pending before the Court are two[2] competing motions for consolidation[3], appointment as lead plaintiff, and appointment of lead counsel in the Actions; (1) Mr. Henry; and (2) David Michaelson ("Mr. Michaelson"). Mr. Henry claims the largest financial interest out of all movants and is more than qualified to serve as lead plaintiff in the Actions because he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the

---

[1] The Underwriter Defendants are J.P. Morgan Securities LLC, Barclays Capital Inc., Jefferies LLC, Oppenheimer & Co. Inc., Robert W. Baird & Co. Incorporated, Piper Jaffray & Co., Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C., and D.A. Davidson & Co,

[2] After conferring with movant Jocelyn Tan Peck Hiang's counsel, Mr. Henry has been informed that Ms. Hiang will not oppose his appointment as lead plaintiff and intends to file a notice of non-opposition on October 9, 2020.

[3] All movants requested consolidation of the Actions.

requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Rosi v. Alcaris Therapeutics, Inc.,* No. 19-CV-7118 (LTS) (JLC), 2019 U.S. Dist. LEXIS 192910, at *6 (S.D.N.Y. Nov. 6, 2019). To rebut this presumption proof by a class member must show the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 77z-1(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted).

Mr. Henry, claiming a loss of $128,921[4] in connection with his Tufin purchases pursuant to the Company's initial public offering ("IPO"), lost **63 *times more*** than the only other competing movant, Mr. Michaelson, who claims a loss of merely $2,020. There is no doubt that Mr. Henry possesses the largest financial interest of all movants before the Court. Moreover, Mr. Henry satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the PSLRA by virtue of having suffered losses in the same way as the members of the Class, having no conflicts of interest with class members, and having retained experienced and competent counsel to litigate the Actions. Finally, no proof of inadequacy exists to rebut the strong presumption in favor of appointing Mr. Henry. Therefore, Mr. Henry respectfully requests that the Court grant his motion in its entirety and deny all competing motions.

## II.    ARGUMENT

### A.    Mr. Henry Has The Largest Financial Interest in the Relief Sought by the Class

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise

---

[4] Or $73,850 if calculated using the closing price of $10.50. *See* ECF No. 29, at *6-7, n. 5.

satisfies the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Mr. Henry is entitled to that presumption because, relative to the only competing movant, Mr. Michaelson, his losses are far greater.

In deciding which proposed lead plaintiff has "the largest financial interest in the relief sought by the class," courts often consider net shares purchased, net expenditures, and financial loss as important factors. *In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) (noting that financial loss is the most important factor in considering lead plaintiff appointments); *see also Kaplan v. Gelfond,* 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated in the chart below, Mr. Henry undeniably has the largest financial interest under all factors considered by courts.

| MOVANT | NET SHARES PURCHASED | NET FUNDS EXPENDED | APPROXIMATE LOSSES |
|---|---|---|---|
| **Mark Henry** | **21,100** | **$295,400** | **$128,921** |
| **David Michaelson** | 0 | $5,520 | $2,020 |

Accordingly, because Mr. Henry leads in each factor and clearly possesses the "largest financial interest" in the Actions, he is entitled to the presumption of the most adequate lead plaintiff.

**B.      Mr. Henry Satisfies the Requirements of Rule 23.**

The PSLRA requires that the presumptive lead plaintiff "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Courts in this district have applied this directive at the lead plaintiff stage by only analyzing the typicality and adequacy of representation requirements of Rule 23. *Gronich v. Omega Healthcare Inv'rs., Inc.*, 2018 U.S. Dist.

3

LEXIS 51934, at *8-9 (S.D.N.Y. Mar. 27, 2018) ("typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA.").[5] Here, Mr. Henry satisfies both the typicality and adequacy prongs of Rule 23, requiring his appointment as Lead Plaintiff.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Salinger v. Sarepta Therapeutics, Inc*., No. 19-CV-8122-VSB, 2019 U.S. Dist. LEXIS 218248, at *7 (S.D.N.Y. Dec. 17, 2019)*; In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). Lead Plaintiff's claims need not be identical, either, but must be substantially similar. *Salinger*, 2019 U.S. Dist. LEXIS 218248, at *8.

Mr. Henry undoubtedly meets the typicality requirement. Like all members of the Class, Mr. Henry (1) purchased Tufin stock pursuant and/or traceable to the Company's April 2019 initial public offering ("IPO" or the "April 2019 Offering"); and/or pursuant and/or traceable to the Company's December 2019 secondary public offering ("SPO" or the "December 2019 Offering"); (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants in the IPO and/or SPO Offerings; and (3) suffered significant losses as a result of Defendant's material misstatements. Thus, Mr. Henry's claims are substantially similar, if not

---

[5] At the lead plaintiff stage, a movant need only make a *prima facie* showing that the requirements of Rule 23 are satisfied. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a *prima facie* showing that the requirements of Rule 23 are met is sufficient"). A wide-ranging analysis under Rule 23 is not appropriate at the lead plaintiff stage. *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

identical, to those of the other Class members.

A lead plaintiff satisfies the adequacy requirement of Rule 23 by showing that: (1) his chosen counsel is qualified to represent the class; (2) there is no conflict between the lead plaintiff and the class he seeks to represent; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).

Mr. Henry easily satisfies the adequacy requirement of Rule 23. No conflicts exist between him and absent class members and he is highly motivated to recover the substantial losses he suffered. *See Marsch v. Feng,* 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movant suffered heavy losses that "ensure vigorous advocacy on behalf of the class."). Mr. Henry, a sophisticated investor with 30 years of investing experience, will have no issue overseeing counsel and directing this litigation as the lead plaintiff. As demonstrated in his opening brief, and in his sworn certification, Mr. Henry has an extensive educational background, is a certified public accountant, and has been working in publicly traded companies for more than 25 years. *See* ECF Nos. 29 at *10 (Henry Brief); 30-1, Ex. A (PSLRA certification). Moreover, Mr. Henry has previous experience managing various lawsuits and overseeing attorneys throughout his career. *Id*.

Mr. Henry has chosen Levi & Korsinsky, LLP ("Levi & Korsinsky") as proposed Lead Counsel for the Class. Levi & Korsinsky is highly experienced in securities class actions and is well qualified to litigate the Actions on behalf of the Class and its appointment should also be approved. *See* ECF No. 30-4, Ex. D (firm résumé of Levi & Korsinsky).

**C.      No Proof Exists to Rebut the Presumption in Favor of Mr. Henry's Appointment as Lead Plaintiff**

Having the largest financial interest and satisfying the Rule 23 requirements of adequacy and typicality, Mr. Henry is entitled to the presumption of "most adequate plaintiff."   This

presumption may be rebutted only upon proof by a class member that Mr. Henry "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C § 77z-1(a)(3)(B)(iii)(II); *Pirelli,* 229 F.R.D. at 412 (internal quotation and citation omitted); *see Kaplan,* 240 F.R.D. at 92, 94-95.

The only remaining lead plaintiff movant, Mr. Michaelson, can only rebut that presumption with proof that Mr. Henry is atypical or inadequate. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); see also *In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" needs be put forward to rebut the presumption in favor of the lead plaintiff); *Murphy v. JBS S.A.,* 2017 U.S. Dist. LEXIS 166262, at *14-16 (E.D.N.Y. Oct. 6, 2017) ("Exacting proof" necessary to rebut the presumption as "[c]onclusory assertions and mere speculation will not suffice."). No such proof exists here. The interests of Mr. Henry align with the interests of the members of the Class and Mr. Henry has retained counsel well versed in securities class action litigation.

**D.      Approval of Mr. Henry's Choice of Counsel is Appropriate.**

The Court should approve Mr. Henry's selection of Levi & Korsinsky as Lead Counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to approval by the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, 2016 U.S. Dist. LEXIS 46082, at *20 (S.D.N.Y. Apr. 5, 2016). The attorneys at Levi & Korsinsky are highly experienced in class action securities lawsuits and class action litigation generally and will prosecute the Action effectively and expeditiously. *See* ECF Nos. 29, at *11; 30-4.

6

**III.    CONCLUSION**

Based on the foregoing, Mr. Henry respectfully requests that the Court grant his motion: (1) consolidating the Actions; (2) appointing him as Lead Plaintiff; (3) approving his selection of Levi & Korsinsky as Lead Counsel; and (4) granting such other relief as the Court deems just and proper.

Dated: October 9, 2020                                    Respectfully Submitted,

                                                **LEVI & KORSINSKY, LLP**

                                                By:  /s/ *Adam M. Apton*
                                                Adam M. Apton (AS-8383)
                                                1101 30th Street NW, Suite 115
                                                Washington, D.C. 20007
                                                Tel : 202-524-4290
                                                Fax: (212) 363-7500
                                                Email: aapton@zlk.com