WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA ECF

April 5, 2021

The Honorable Gregory H. Woods
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:   *In re Tufin Software Technologies Ltd. Securities Litigation*, 1:20-cv-05646-GHW

Dear Judge Woods:

We represent Defendants in the above referenced action. Pursuant to Rule 2(C)(i) of Your Honor's Individual Rules of Practice, we respectfully request a pre-motion conference on Defendants' proposed motion to dismiss the Consolidated Amended Complaint ("Complaint" or "Compl.") pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff consents to this request for a pre-motion conference, but does not consent to the relief requested in the Defendants' anticipated motion to dismiss.

## Background

Tufin Software Technologies Ltd. ("Tufin") is a network security company incorporated under the laws of Israel, and sells a variety of cutting-edge cybersecurity solutions to businesses around the world. Tufin went public on the New York Stock Exchange in an IPO in April 2019. Tufin's 400-page Registration Statement included descriptions of Tufin's business model and extensive cautionary language about various risk factors associated with Tufin's business, particularly concerning its reliance on large-scale sales to large enterprises that are difficult to predict with certainty.

In the months following the IPO, in securities filings that are not at issue in this case, Tufin issued projections for its anticipated performance. In January 2020, Tufin announced that it had missed certain sales projections for Q4 2019. Plaintiff alleges that Tufin's stock price declined following this announcement. Recognizing the difficulty of pursuing securities claims based on missed projections, Plaintiff here has reached back to the Registration Statement from months earlier, attempting to re-style this case as one challenging unrelated IPO disclosures regarding Tufin's sales force and practices. Plaintiff brings claims under Sections 11 and 15 of the Securities Act of 1933, and seeks to represent a class of purchasers of Tufin common stock pursuant and/or traceable to the Registration Statement. Plaintiff's creative effort to tie Tufin's failure to meet

The Honorable Gregory H. Woods
VIA ECF
April 5, 2021

WHITE & CASE

some of its projections in a single quarter to statements unrelated to earnings made in Tufin's Registration Statement is quintessential, and routinely dismissed, "hindsight" pleading.

## Defendants' Proposed Motion to Dismiss

Plaintiff challenges two categories of statements in the Registration Statement: generalized descriptions of (i) Tufin's sales force as "highly trained" and (ii) the length of its sales cycle as "usually" lasting "several months." Compl. ¶¶ 72 – 78. Plaintiff fails to state a claim.

*One*, many of the challenged statements are inactionable as generalized expressions of "puffery" or corporate optimism. Expressions like "highly trained" are general and imprecise, "adorned with optimistic language," and not actionable under the securities laws. *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 489 (S.D.N.Y 2018); *ECA, Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 205 (2d Cir. 2009) (statements touting company's "highly disciplined" risk management were puffery because they "were merely generalizations regarding [the Company's] business practices" and "[n]o investor would take such statements seriously in assessing a potential investment"); *In re Xinhua Fin. Media, Ltd. Secs. Litig.*, 2009 WL 464934, *8 (S.D.N.Y. 2009) ("To the extent that Plaintiffs' allegation focuses on the adjectives used to describe the management team, such as 'strong,' 'experienced,' and 'capable,' these soft adjectives are nothing more than puffery" and are not actionable.). Courts in this circuit routinely find that such a statement is "so vague, broad and non-specific that a reasonable investor would not rely on it, thereby rendering it immaterial as a matter of law." *Barilli v. Sky Solar Holdings, Ltd.,* 389 F.Supp.3d 232, *251 (S.D.N.Y. 2019) (quotations omitted).

*Two*, Plaintiff has not adequately alleged falsity of any of the challenged statements. The Complaint is devoid of allegations that could demonstrate that Tufin's sales force was not highly trained—and any implication that the sales force was not trained enough to sell Tufin's product is belied by the fact that Tufin's revenue increased 31.7% from year-end 2017 to year-end 2018. *See* Registration Statement at 58. Tufin's representations regarding the length of its sales cycle also are not false. Plaintiff claims that Tufin's sales cycle typically lasts one or two years, while Tufin told investors it usually took "several months." Plaintiff mischaracterizes the disclosures by ellipting sentences from the Registration Statement. The full text of the relevant disclosures provide that Tufin's sales cycle "usually lasts several months from proof of concept to purchase order, and *is often longer for larger transactions*." Compl. ¶¶ 72, 77. And, right alongside the challenged statements, Tufin supplied investors with detailed descriptions and cautions about both the hiring and training of its sales force—including that it faced "a number of challenges in achieving our hiring and integration goals" with "no guarantee that our recent hires and planned new hires will become as productive as we require"—and about the length of its sales cycle, warning that in some instances customers may defer significant purchases and thus "the timing of individual sales can be difficult to predict," with a bolded risk factor that "**[o]ur sales cycle is long and unpredictable, which may cause significant fluctuations in our quarterly results of operations**." *See* Compl. ¶ 77; Registration Statement at 6, 13, 20.

*Three*, Plaintiff's allegations of falsity rely solely on a collection of vague, anecdotal accounts of eleven unnamed former Tufin employees (confidential witnesses or "CWs"), who have

AMERICAS 105274153

The Honorable Gregory H. Woods
VIA ECF
April 5, 2021

WHITE & CASE

no alleged basis for knowledge of the sales force or the sales cycle generally or as a whole, outside of their limited individual experiences. The CWs' accounts allege no plausible factual basis that any of the challenged statements were false or misleading. *See In re Coty Sec. Litig.,* 2016 WL 1271065, *6 (S.D.N.Y. Mar. 29, 2016) ("conclusory, nonspecific statements from confidential informants" are insufficient). No CW claims any managerial responsibility or oversight of the Tufin sales force or its training, or even any portion of it. Three of the eleven confidential witnesses did not even work at Tufin at the time the Registration Statement was made effective.

Even as isolated accounts, the CWs' allegations do not support an inference that Tufin's statements in the Registration were false or misleading. The CWs' allegations are also mostly riddled with their subjective, individual opinions of what the Company could have differently, which likewise fails to plead falsity. For example, certain CWs described pressure to meet sales goals, dissatisfaction with Tufin's compensation structure, and Tufin's expense reimbursements. *See, e.g., In re Adient PLC Sec. Litig.*, 2020 WL 1644018, *15 (S.D.N.Y. Apr. 2, 2020) ("CWs' subjective views of how the Company should have managed such challenges, are not sufficient to demonstrate that any of the statements were inaccurate at the time they were made"). Plaintiff also alleges that Tufin's description of its sales force as "highly trained" was false or misleading because some CWs said that Tufin's salespeople were "mostly new hires that needed six months to a year" to develop. Compl. ¶¶ 73, 76, 78. But Tufin did not make any representations about the specifics of its training process or how long it takes a new employee to get up to speed. Similarly, the statements of certain CWs regarding longer sales cycles they individually experienced—which no CW even attempts to quantify—does not render false or misleading Tufin's claim that a typical sales cycle lasts "several months from proof of concept to purchase order, and is often longer for larger transactions." Compl. ¶¶ 72, 77. Plaintiff's resort to a "phenomena in the world of experimental psychology" called "the anchoring effect" to argue that this was misleading just proves the point. Compl. ¶ 74.

*Four*, the Registration Statement included clear disclosures of the risks as to the matters raised by the Plaintiff, which give rise to protection under the bespeaks caution doctrine. *See* Compl. ¶¶ 75, 77; *Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 5 (2d. Cir. 1996) (affirming dismissal of securities action, finding disclosures "bespeak caution" because "when read as a whole" the prospectuses "warn[ed] investors of exactly the risk the plaintiffs claim was not disclosed"). Indeed, the risk disclosures that Plaintiff alleges as misleading specifically warn against the exact risk that Plaintiff claims materialized—that Tufin "may not be able to accurately predict or forecast the timing of sales, which could cause our results to vary significantly from our expectations and the expectations of market analysts." Registration Statement at 15. Plaintiff appears to try to evade the risk disclosures because they include the word "may." Compl. ¶¶ 75, 77. The risks were certainly not assured, so the word "may" is accurate.

*Finally*, Plaintiff's failure to plead a primary violation of Section 11 warrants dismissal of the Section 15 claims against each of the Individual Defendants.

Defendants respectfully request that the Court schedule a pre-motion conference to address Defendants' proposed motion to dismiss as described herein.

WHITE & CASE

The Honorable Gregory H. Woods
VIA ECF
April 5, 2021

                                  Respectfully Submitted,

                                  */s/ Kimberly A. Havlin*
                                  Kimberly A. Havlin

                                  WHITE & CASE LLP

                                  Glenn M. Kurtz
                                  Kimberly A. Havlin
                                  Dominique N. Forrest
                                  White & Case LLP
                                  1221 Avenue of the Americas
                                  New York, NY 10020
                                  T: (212) 819-8200
                                  E: gkurtz@whitecase.com
                                  kim.havlin@whitecase.com
                                  dominique.forrest@whitecase.com

                                  *Counsel for Defendants*

cc: All Counsel of Record (via ECF)