UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TUFIN SOFTWARE
TECHNOLOGIES LTD. SECURITIES
LITIGATION

Master File No. 1:20-cv-5646-GHW

Hon. Gregory H. Woods

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO THE SECOND CONSOLIDATED AMENDED COMPLAINT

Defendants Tufin Software Technologies Ltd. ("Tufin"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (the "Individual Defendants" and, together with Tufin, the "Defendants"), by undersigned counsel, submits this Answer ("Answer") to Plaintiffs' Second Consolidated Amended Complaint (ECF No. 70) ("Complaint"). Unless otherwise stated, capitalized terms herein have the same meaning as in the Complaint. To the extent Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgment or admission of any characterization Plaintiffs may ascribe to such defined terms.

No response is required to the various headings, subheadings and footnotes throughout the Complaint. To the extent that responses are required to such headings, subheadings and footnotes, they are denied. To the extent that any allegation is not specifically admitted, it is denied.

On February 25, 2022, the Honorable Gregory H. Woods issued a Decision and Order (ECF No. 69) dismissing Plaintiffs' claims except to the extent they are based on the statements concerning the length of Tufin's sales cycle alleged in Paragraphs 74 and 79 of the Complaint. No response is required to the dismissed claims. To the extent Defendants respond to allegations concerning the dismissed claims, such response is not an acknowledgment or admission that the

allegation pertains to an actionable claim.  Defendants also reserve the right to challenge the relevance and admissibility of allegations and all sources and documents referred to or purportedly quoted in the Complaint.  Defendants further reserve the right to supplement or amend and/or supplement this Answer as may become necessary.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the introductory paragraph of the Complaint and, on that basis, deny them.

1.      Defendants admit that Plaintiffs purport to bring this lawsuit as a putative class action on behalf of a class of persons or entities that purchased Tufin common stock pursuant and/or traceable to Tufin's Registration Statement issued in connection with its April 11, 2019 IPO, seeking to pursue remedies under §§ 11 and 15 of the Securities Act.  Defendants otherwise deny the allegations in Paragraph 1.

2.      Defendants admit that the first sentence of Paragraph 2 contains a partial quotation of Tufin's Form F-1/A, filed with the SEC on April 1, 2019 ("Registration Statement"), and respectfully refer to the Registration Statement for its complete and accurate contents.  Defendants further admit the allegations in footnote 1 to Paragraph 2.  Defendants also admit that the Registration Statement stated that in 2018, a majority of Tufin's revenue was generated from customers in the Americas.  Defendants otherwise deny the allegations in Paragraph 2.

3.      Defendants admit that Paragraph 3 contains partial (though incomplete) quotations from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

2

5. Defendants admit that Tufin stated in the Registration Statement that it "may not be able to accurately predict or forecast the timing of sales," and respectfully refer to the Registration Statement for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 5.

6. Defendants admit that Paragraph 6 accurately recites portions of Turin's revised expectations (based on preliminary information) for the fourth quarter of 2019 that were published in Tufin's press release dated January 8, 2020, which was filed with the SEC on the same date as part of Form 6-K. Defendants respectfully refer to the press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 6.

7. Defendants admit that the first sentence of Paragraph 7 contains a partial (though incomplete) quotation from Tufin's press release dated January 8, 2020, and respectfully refer to the press release for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 7.

8. Defendants admit that the price of Tufin ordinary shares closed at $17.22 on January 8, 2020, closed at $13.08 on January 9, 2020, and closed at $12.15 on February 26, 2020. Defendants otherwise deny the allegations in Paragraph 8.

9. Defendants admit that Plaintiffs purport to pursue remedies under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), but otherwise deny the allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants state that they do not contest that this Court has subject matter jurisdiction over this action.

11. Defendants admit that Tufin securities trade on the New York Stock Exchange

3

and that the New York Stock Exchange is located within the Southern District of New York. The remainder of Paragraph 11 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants state that they do not contest that venue is proper in this Judicial District in this action.

12. Paragraph 12 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that Tufin securities trade on the New York Stock Exchange.

13. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Mark Henry acquired Tufin shares pursuant and traceable to the IPO. Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Matt Primozich acquired Tufin shares pursuant and traceable to the IPO. Defendants otherwise deny the allegations in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff William J. Allen acquired Tufin shares pursuant and traceable to the IPO. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

4

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants admit that the Complaint refers to Defendants Kitov, Wakileh, Harrison, Finkelstein, Cukierman, Shamir, Zehavi, and Shachar collectively as the "Individual Defendants."

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that the Complaint sometimes refers to Tufin and the Individual Defendants collectively as the "Defendants."

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief about the

5

truth of the allegations in Paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.     Defendants admit that crimes involving unauthorized access to a computer network are threats facing modern companies. Defendants admit that the report authored by Steve Morgan exists and that Paragraph 39 contains a partial quotation from that report. Defendants respectfully refer to the report for its complete and accurate contents.

40.     Defendants admit that some companies deploy a variety of third-party cybersecurity tools and products at various points in their networks. Defendants further admit that Paragraph 40 contains partial quotations from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.

41.     Defendants admit that Paragraph 41 contains a partial quotation from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents. Defendants further admit that, among other things, its software is designed to reduce errors and inefficiencies that result from manual management of security policies, and that some companies rely on in-house teams to manually manage policies governing cybersecurity tools and products.

42.     Defendants admit that Paragraph 42 contains partial quotations from and references to the Registration Statement, and respectfully refer to the Registration Statement for

6

its complete and accurate contents.

43.     Defendants admit that Paragraph 43 contains partial quotations from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.

44.     Defendants admit that Paragraph 44 contains a partial quotation from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.

45.     Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged.  Defendants otherwise deny the allegations in Paragraph 45, including the allegations of the CWs.

46.     Defendants admit that Paragraph 46 contains a partial quotation from the Registration Statement.  Defendants respectfully refer to the Registration Statement for its complete and accurate contents and otherwise deny the allegations in Paragraph 46.

47.     Defendants admit that the Registration Statement states, in part: "We sell our software primarily through perpetual license agreements and, to a lesser extent, term-based license agreements rather than utilizing a Software-as-a-Service, or SaaS, model."  Defendants respectfully refer to the Registration Statement for its complete and accurate contents.  Defendants admit that the blog post authored by Kristie Prinz exists and that Paragraph 47 contains partial quotations from that blog post.  Defendants respectfully refer to the blog post for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 47.

48.     Defendants admit that Tufin has used Salesforce software in connection with its sales efforts and that potential customers and sales were tracked and categorized in Salesforce, including forecasting when sales might close.  Defendants lack knowledge or information

7

sufficient to form a belief about whether these CWs made the statements alleged. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about whether CW6 made the statements alleged. Defendants admit that Tufin has used an add-on to Salesforce called FunnelSource. Defendants lack knowledge or information sufficient to form a belief about how FunnelSource allegedly described its product on its website.

50. Defendants lack knowledge or information sufficient to form a belief about whether CW6 made the statements alleged. Defendants admit that Tufin's salespeople were required to provide regular updates on their sales, including estimating close dates and reporting information about upcoming sales meetings. Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief about whether CW9 made the statements alleged. Defendants admit that Han Wang was previously Tufin's Director of Global Sales Operations and that Mr. Wang used information entered into Salesforce by salespeople, among other things, to generate sales forecasts. Defendants otherwise deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about whether CW3 made the statements alleged and CW3's alleged experience. Defendants deny CW3's allegations about Tufin. Defendants admit that the internet article authored by John Duff exists and respectfully refer to the internet article for its complete and accurate contents.

54. Defendants lack knowledge or information sufficient to form a belief about whether CW3 made the statements alleged. Defendants deny CW3's allegations. Defendants

8

admit that the report cited in Footnote 7 of Paragraph 54 exists and respectfully refer to the report for its complete and accurate contents.

55.     Defendants lack knowledge or information sufficient to form a belief about whether CW3 made the statements alleged.  Defendants otherwise deny the remaining allegations in Paragraph 55, including the allegations of the CW.

56.     Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged.  Defendants admit that the online article cited in Paragraph 56 exists and that Paragraph 56 contains partial quotations from it, and Defendants respectfully refer to the report for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 56, including the allegations of the CWs.

57.     Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged.  Defendants otherwise deny the allegations in Paragraph 57, including the allegations of the CWs.

58.     Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged.  Defendants otherwise deny the allegations in Paragraph 58, including the allegations of the CWs.

59.     Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged.  Defendants admit that Tufin required salespeople to plan the next three steps for their sales prospects and to enter those steps into Salesforce.  Defendants otherwise deny the allegations in Paragraph 59, including the allegations of the CWs.

60.     Defendants lack knowledge or information sufficient to form a belief about whether CW8 made the statements alleged.  Defendants otherwise deny the allegations in

9

Paragraph 60, including the allegations of CW8.

61. Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged. Defendants otherwise deny the allegations in Paragraph 61, including the allegations of the CWs.

62. Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged. Defendants otherwise deny the allegations in Paragraph 62, including the allegations of the CWs.

63. Defendants lack knowledge or information sufficient to form a belief about whether CW2 made the statements alleged. Defendants otherwise deny the allegations in Paragraph 63, including the allegations of CW2.

64. Defendants admit that Tufin employs pre-sales engineers. Defendants lack knowledge or information sufficient to form a belief about whether CW5 was a pre-sales engineer and whether CW11 made the statements alleged. Defendants otherwise deny the allegations in Paragraph 64, including the allegations of CW11.

65. Defendants lack knowledge or information sufficient to form a belief about whether CW2 made the statements alleged. Defendants otherwise deny the allegations in Paragraph 65, including the allegations of CW2.

66. Defendants lack knowledge or information sufficient to form a belief about whether these CWs made the statements alleged. Defendants otherwise deny the allegations in Paragraph 66, including the allegations of the CWs.

67. Tufin admits the allegations in Paragraph 67.

68. Defendants admit that the blog post referenced in Paragraph 68 exists and that Paragraph 68 contains partial quotations from that blog post, and respectfully refer to the blog

10

post for its complete and accurate contents.

69.     Defendants admit the allegations in Paragraph 69.

70.     Defendants admit the allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants deny the first sentence of Paragraph 72. Defendants admit that the analyst reports referenced in the remainder of Paragraph 72 exist and that Paragraph 72 contains partial references to such reports. Defendants respectfully refer to the reports for their complete and accurate contents and deny Plaintiffs' characterizations of same.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that Paragraph 74 contains a partial quotation from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in the first sentence of Paragraph 77. Defendants admit that the second sentence of Paragraph 77 contains a partial quotation from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that Paragraph 79 contains a partial quotation from the Registration Statement, and respectfully refer to the Registration Statement for its complete and accurate contents. Defendants deny that these detailed warnings were "generic."

80.     Defendants deny the allegations in Paragraph 80.

AMERICAS 113921054

81.    Defendants admit that for the fourth quarter of 2019 Tufin realized total revenue of $30.1 million and that this was lower than estimates the company had previously issued. Defendants admit that Tufin had previously estimated a non-GAAP operating profit of between $0 and $3 million for the fourth quarter of 2019, and that it ultimately realized a non-GAAP operating loss of $1.9 million for the fourth quarter of 2019. Defendants otherwise deny the allegations in Paragraph 81.

82.    Defendants admit that Plaintiffs purport to bring this action as a putative class action on behalf of a purported class as described in Paragraph 82. Defendants otherwise deny the allegations in Paragraph 82, including any implication that a class has been or should be certified in this action.

83.    Paragraph 83 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.    Paragraph 84 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.    Paragraph 85 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.    Paragraph 86 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    Paragraph 87 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

## FIRST CAUSE OF ACTION
For Violation of Section 11 of the Securities Act
Against All Defendants

88.    In response to Paragraph 88, Defendants repeat and incorporate by reference their

12

AMERICAS 113921054

responses to each and every prior allegation in the Complaint as if fully set forth herein.

89.    Defendants admit that Plaintiffs purport to bring their First Cause of Action pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the putative Class, against all Defendants.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.    Defendants admit that, when the original complaint was filed in this action, the price of Tufin's ordinary shares was lower than it was at the time of the IPO. Defendants otherwise deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in the first sentence of Paragraph 96. In response to the second and third sentences of Paragraph 96, Defendants state that they do not raise defenses based on the applicable limitations period(s).

**SECOND CAUSE OF ACTION**
For Violation of Section 15 of the Securities Act
Against the Individual Defendants

97.    In response to Paragraph 97, Defendants repeat and incorporate by reference their responses to each and every prior allegation in the Complaint as if fully set forth herein.

98.    Defendants admit that Plaintiffs purport to bring their Second Cause of Action pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77o, on behalf of the putative Class, against the Individual Defendants.

13

99.     The first sentence of Paragraph 99 contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny such allegations. Defendants admit that various Individual Defendants had various relationships with other directors, officers, and/or major shareholders of Tufin.

100.     Defendants deny the allegations in Paragraph 100.

101.     Defendants deny the allegations in Paragraph 101.

**AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiffs have suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendants do not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiffs and members of the putative class.  Nothing stated herein is intended to be or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations. Defendants reserve their right to assert and rely on other and further defenses, cross-claims and third-party claims not asserted herein of which they become aware through discovery or other investigation.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and fails to allege facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make a false or misleading statement of material fact and did not omit any material facts that were necessary in order to make the alleged statements not false or misleading.

14

### THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants were, at all times, lawful and consistent with their duties and obligations under the Securities Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not know of the purported inaccuracy of the alleged misstatements, did not know of any material omissions from those statements, and could not have become aware of such alleged inaccuracy.

### FIFTH AFFIRMATIVE DEFENSE

No action or omission by Defendants is the cause, in law or fact, of any injury to Plaintiffs and/or members of the purported putative class, and their alleged losses were not actually or proximately caused by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged depreciation in the price of Tufin's stock resulted from other than the depreciation in value of such security resulting from such part of the registration statement, with respect to which Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading. *See* 15 U.S.C. § 77k(e).

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged depreciation in the price of Tufin's stock price resulted from intervening or independent causes unrelated to any act or omission on the part of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged misstatements made were either (1) nonactionable matters of opinion, puffery, or soft information, or (2) forward-looking statements that contained sufficient

15

cautionary language and risk disclosures to render them inactionable under the "bespeaks caution" doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole because the alleged misstatements and omissions were not material as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

The allegedly false or misleading statements of material fact, and/or omissions of material fact, in Tufin's public disclosures were not material to the investment decisions of a reasonable investor.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or any members of the putative class who purchased their shares after Tufin made available an earning statement covering a period of at least 12 months beginning after the effective date of the Registration Statement did not rely on any of the allegedly false or misleading statements or omissions when purchasing any of Tufin's shares.

## TWELFTH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs do not meet the adequacy or typicality requirements of class certification.

## FOURTEENTH AFFIRMATIVE DEFENSE

The putative class is not certifiable under Federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class lack standing to assert and maintain their

16

claims against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery of attorneys' fees or other fees, costs, or expenses of this litigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable effort to mitigate injury or damage, which would have prevented their injury or damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the claimed monetary relief is speculative and impossible to ascertain.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, because, at all times, the Individual Defendants acted in good faith and with due diligence, after conducting a reasonable investigation, they had reasonable grounds to believe and did believe, at the time such part of the registration statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading. *See* 15 U.S.C. § 77k(b)(3).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, because they had "no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." 15 U.S.C. § 77o(a).

17

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon any other and additional defenses that are now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserve their rights to further supplement and amend these affirmative defenses as additional evidence becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiffs:

1.      Denying all claims alleged in the Complaint and dismissing the Complaint with prejudice;

2.      Awarding Defendants their costs and disbursements and reasonable attorneys' fees associated with the defense of this action; and

3.      Granting such other and further relief that this Court may deem just and proper.

Dated: April 14, 2022
New York, New York

Respectfully submitted,

WHITE & CASE LLP

_s/ Kimberly A. Havlin_
Glenn M. Kurtz
Kimberly A. Havlin
Susan L. Grace
Jennifer M. Thomas
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
T: (212) 819-8200
F: (212) 354-8113
gkurtz@whitecase.com
kim.havlin@whitecase.com
susan.grace@whitecase.com
jennifer.thomas@whitecase.com

_Attorneys for Defendants_

18

AMERICAS 113921054