M5HTTUFC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE,

TUFIN SOFTWARE TECHNOLOGIES,
LTD. SECURITIES LITIGATION                20 CV 5646 (GHW)

------------------------------x
                                          New York, N.Y.
                                          May 17, 2022
                                          4:00 p.m.

Before:

                    HON. GREGORY H. WOODS,

                                          District Judge


                 APPEARANCES (Via teleconference)

LEVI & KORSINSKY, LLP
     Attorneys for Plaintiffs
BY:  NICHOLAS PORRITT

POMERANTZ LLP
     Attorneys for Plaintiffs
BY:  PATRICK DAHLSTROM
     CHRISTOPHER TOUREK

THE ROSEN LAW FIRM
     Attorneys for Plaintiffs
BY:  NICHOLAS MANNINGHAM

WHITE & CASE LLP
     Attorneys for Defendant
BY:  KIMBERLY HAVLIN
     SUSAN GRACE
     LOGAN QUINN

M5HTTUFC

(Via teleconference)

THE COURT:  Good afternoon, this is Judge Woods.  I'm going to ask the principal spokesperson for each party to identify him or herself and the members of her team rather than have each lawyers introduce themselves individually.

So let me begin with counsel for plaintiffs, who is on the line for plaintiffs?

MR. PORRITT:  Good afternoon, your Honor, it is Nicholas Porritt, Levi & Korsinski, on behalf of the plaintiff.

THE COURT:  Good.  Is there anybody else on the line with you?

MR. PORRITT:  Not with me, but there's appearances, let me just -- I'm pulling up the appearance sheet because I want to make sure I don't miss anyone -- Patrick Dahlstrom and Christopher Tourek of Pomerantz, and I believe Nicholas Manningham of the Rosen Law Firm, so four of us.

THE COURT:  Thank you, very good.

Who is on the line on behalf of defendants?

MS. HAVLIN:  Good afternoon, your Honor, this is Kim Havlin of White & Case on behalf of the defendants, and with me on the line are my colleagues Susan Grace and Logan Quinn.

THE COURT:  Thank you very much.

Let me begin with a few brief remarks about the rules that I would like the parties to follow during this conference.

First, please remember this is a public proceeding.

M5HTTUFC

Any member of the public or press is welcome to audit this conference.  The dial-in information is available on the Court's website.  I'm not presently monitoring whether third parties are auditing the conference, I just ask you to keep that possibility in mind.

Second, please state your name each time that you speak during the conference.  You should do that even if you have spoken previously.

Third, please keep your line on mute at all times except when you're speaking to me or the representative of a party.

Fourth, please abide by the instructions by the court reporter that are designed to help him do his job.

And finally, I'm ordering there that there be no recording or rebroadcast involving any portion of today's proceeding.

Counsel, with those instructions out of the way, let me begin with my brief statement of the agenda for the conference.  It is straightforward.  This is an initial pretrial conference.  What I will do is give each of the parties the opportunity to describe any legal or factual issues that you would like to bring to my attention.  I have read the materials that are on the docket to date, so you don't need to reprise things that you think I have already read, but I'm happy to hear from you about anything that you would like to

M5HTTUFC

emphasize here.

Next, I hope to discuss the process that we'll be using to litigate the case.  To that end, I expect to use the parties' proposed case management plan and scheduling order as the framework for that discussion.

And finally, I hope to discuss what, if anything, I can do to help the parties resolve this case and the complaint.

That's my agenda.  Let me remind everybody to please keep their phone on mute.

I will turn to counsel for plaintiffs.  Counsel, what would you like to tell me about the case as a whole?

MR. PORRITT:  Thank you, your Honor.  I don't think we have any legal or factual issues that we need the Court's attention at this point in time.  I think we have met and agreed with defendants on a schedule moving forward for litigating this case, including allowing for attempts to resolve this through private mediation.  And the relationship has been very professional and courteous, as I would expect dealing with a firm like White & Case, so we have nothing at this point, for the first point of your agenda, to raise.

THE COURT:  Thank you.

Counsel for defendants?

MS. HAVLIN:  Thank you.  And let me echo my colleague's comments on the courtesy setting off on the course of this case together.

I suppose, your Honor, it might be helpful for me to take one moment to frame up the case from our perspective.  We did allude to this in the letter.  It's an interesting case in that, from our view, the factual issues to be resolved are actually quite targeted, quite focused, relative to some other cases that we see.

As your Honor will recall, there's really one set of statements, one set of issues that survive the motion to dismiss and is going forward, and they pertain to the length of Tufin's sales cycle.  And we're in a position where Tufin made disclosures about how that sales cycle usually lasts several months and it has lasted longer, and the plaintiffs pleaded accounts from certain former employees that sets that length of time at more like a year or more like two years, depending who you ask.

And to put even a finer point on that, the Tufin disclosure was specifically geared to the time between the company's production of a proof of concept and the generation of a purchase order.  So we're talking about a very specific metric from the company's perspective, and we hope that our discovery collectively can be guided towards resolving what we see as the main factual issue in the case.

THE COURT:  Thank you very much.  That's helpful.

Let's turn to the next part of the conference.  Counsel, I have looked at the proposed case management plan and

scheduling order that the parties worked together to develop. I think that, given the nature of the issues in the case, the deadlines that you proposed are reasonable in light of the nature of the issues here and what counsel for plaintiff describes as the parties' desire to focus on some early discussions regarding some potential resolution. So I don't take issue with the proposed dates.

It can be helpful for me to hear from you about any particular issues related to the conduct of discovery that the parties anticipate may have an impact on the schedule here. So issues that can drive delays in the schedule can include things like international discovery, third-party discovery, extensive ESI and the like. So in part, in order to help me evaluate the reasonableness of the deadlines that the parties are anticipating here, can I just ask you to please describe what your expectations are for the conduct of discovery here, really focused on the types of things that might lead to this case taking a long time. I think it's warranted, and it can be helpful for me to hear about your expectations.

Let me hear first from you, counsel for plaintiff.

MR. PORRITT: Thank you, your Honor. So one fact that your Honor was mentioning in our submission, and your Honor already mentioned, is the fact that Tufin is headquartered in Israel, as well as at least some if not all of the individual defendants as well. So sometimes it's not a problem, sometimes

M5HTTUFC

it is a problem.  We don't really know until we start.  So we have allowed for that in the schedule to allow some time for procedural hoops that you have to jump through in order to -- even though Israel is a Hague Convention country, but even so, there may be some issues in terms of getting discovery from overseas.  So that is one issue.  I don't think that's going to be an issue that is going to require Court resolution, I think the parties will work through.  My general experience is that tends to be a mutual frustration of ours on both sides to physically get the paperwork to get it done.

So that is one potential issue.  As I said, we tried to anticipate it.  To the extent it takes even further than we thought, then that might be an issue, that there may be a delay, but there's no reason to think that right now.

Other than that, the only other issue I think, which my friend counsel for the defendant alluded to, I suspect, as there is often at the beginning of these sorts of cases, there may be a dispute over the overall scope of the misrepresentations and the amount of discovery that plaintiffs are entitled to.

Defendants laid out their view just now.  I am not going to -- I don't think it's fruitful right now to put an opposing view, but suffice to say that we may view that as rather narrower than how we would set it out, and we could perhaps resolve that or perhaps that is something that we need

to get resolved.  But I think both parties want to get that that resolved as early as possible in the discovery process because that will drive all the document production and depositions thereafter.  So that is sort of a gating item.  I think we'll know if we have a dispute as to that fairly quickly and we can bring that to the Court's attention for resolution and then go forward based on that resolution.

So those are the two things that I presently anticipate may be a problem, but I'm not anticipating a huge amount of problems with discovery in this case.

THE COURT:  Very good.  Thank you.

Let me turn to counsel for defendants.  Counsel?

MS. HAVLIN:  Thank you, your Honor, Kim Havlin for the defendants.  Mr. Porritt expressed the points very well.  I don't have much to add.

I will note the overseas issues that he alluded to, there are indeed times of mutual frustration in terms of various countries' data privacy laws that we may need to contend with, but nothing that I see as contentious at the moment.  Other than that, nothing else than what was just said.

THE COURT:  Thank you.

Let me do a couple of things.  First, as I said earlier, I think that the deadline that the parties have proposed in your case management plan and scheduling order are reasonable, given the nature of the case here.  Thank you for

working together to develop it.  So I expect to adopt the plan substantially as the parties have proposed it.

I would like to now spend a few brief moments talking about my expectations regarding the case management plan and scheduling order.

You will see that the case management plan and scheduling order contain deadlines.  My view is that these are real deadlines.  They're written as deadlines for completion of discovery.  So if you look at the language in paragraph 7(a) and paragraph 8(b), you will see that they each use the word "completed," in other words, the fact discovery is to completed by a date certain.  And that, to me, means what it says, in other words, that discovery is supposed to be completed by the date, in other words, there's not supposed to be more of it after that date.

So there are a number of corollaries that you can extrapolate from that basic rule yourselves, I just want to highlight two basic corollaries to the rule that these are real deadlines and that they're deadlines for the completion of the categories of discovery.

The first is that if there is a dispute regarding the sufficiency or timeliness of the response to the discovery request, I ask that you bring it to my attention relatively promptly, promptly enough so I can resolve it and you can get and use the responsive materials during the discovery period.

M5HTTUFC

The deadline, again, is the deadline for completion of discovery, it's not the date on which we will begin litigation about discovery.  So do not sit on or hoard discovery disputes with the expectation that I will be adding time to the discovery period to permit you to litigate them.  That's not my expectation.  My expectation is expressed in the language of case management plan that says that discovery will be completed by these dates.

Second, because these are real deadlines for completion of discovery, I want to ask you to keep that fact in mind as you're scheduling your discovery practices here.  To put it simply, if you wait to make a request, you will be leaving yourself with less time to do anything with the information that you seek.  The same is true with respect to the deposition.  If you take the deposition late, you will be leaving yourself less time to request follow-up information within the discovery period.

That can be particularly pertinent in a situation like this where there may be a need for Court invention with respect to obtaining discovery abroad.  If there is a need for judicial intervention, for example, the issuance of letters rogatory or the like to obtain discovery abroad, you should keep in mind that, as you all know, that can take a lot of time both to present an application to me and also to get the foreign court to respond to any application that I may make of them on your

M5HTTUFC

behalf.

So please just think carefully about those issues and front-load them.  If you come to me with a request for judicial assistance that is happening so late in the discovery period that I think it's unlikely you will get a response in the discovery period, I may decline to provide the assistance for that reason.  So please, think carefully about that issue and front-load that work if necessary to meet the deadlines that are established here.

All of these are real deadlines.  I highlight the deadlines in paragraph 8(c), which requires that the parties provide 100 percent of the requisite disclosures under Rule 26(a)(2) by the dates specified there.

I will grant extensions of these deadlines, but only for good cause shown.  I do scrutinize requests to make sure that there is good cause.  At the heart of determination of good cause, of course, is a finding of diligence by the parties.  I expect that you will be diligent.  That said, you should keep the fact in mind that you have to show that you have been diligent in order to support a request for an extension of time.  If you make a request and I don't believe that you have been diligent, you should not expect that you will receive the extension, even if both parties agree to it.  Again, an extension based upon a showing good cause, so you should make professional judgments about the amount of

M5HTTUFC

resources you invest in the case and I expect you to live with those judgments.

My hope is that the parties will be successful in their efforts to resolve the case.  The schedule does build in time to permit you to focus on that early here.  My expectation is that you will be doing the work necessary to litigate the case in parallel with efforts to resolve it.  To put it very concretely, the fact that you're talking about settling the case does not stay the discovery deadlines, so please just keep that in mind.

I think that's about all that I need to tell you about the case management plan and scheduling order.  I expect to enter it later today or tomorrow.  It will govern your conduct going forward.

Counsel, I see that you are already thinking about working with the private mediator in the early days here to see if you can reach a resolution of the case through the private mediator.  I'm happy to hear that.  Please let me know if there's anything I can do to assist you.

With that, counsel, anything else that we need to take up before we adjourn?  First, counsel for plaintiffs?

MR. PORRITT:  Nothing from plaintiffs, your Honor.

THE COURT:  Very good.  Counsel for defendants?

MS. HAVLIN:  I have two points to raise, your Honor. I will endeavor to be brief.  They're mentioned in our letter.

M5HTTUFC

One has to do with the plaintiffs' computation of damages, and we raised this in the joint submission, as this goes to required disclosures under Rule 26 but also, candidly, to our ability to move forward with our efforts to resolve the matter.

The Securities Act, as I'm sure your Honor knows, supplies a measure of damages by statute with designated inputs, and we have shared certainly our inputs with the plaintiffs, that is, the price on the day of issue, the price on the day of the stock drop, and for the number of shares which is pleaded in the complaint, and the day that the lawsuits began, all of which, as I said, would be matters of record.

I believe we may be reaching different math than our colleagues on the plaintiffs' side, so we were hopeful that the Rule 26 disclosures would disclose the differences in our math. That obviously wasn't included in the joint submission, but we suggest respectfully that that would be information that would be helpful to share both in formal discovery channels and, of course, we could take it up separately in settlement discussions as well.

THE COURT:  Thank you.  Is there a request of the Court for this?

MR. PORRITT:  Your Honor --

THE COURT:  Sorry, it's a question for counsel for the defendants.  Anything that I can do to help on that front?

M5HTTUFC

MS. HAVLIN:  Sorry, your Honor, was that question addressed to me?

THE COURT:  Yes.

MS. HAVLIN:  Sorry, your Honor.

Well, your Honor, one of the components of the joint letter submission was a request for computation of damages, and so that appears in the joint letter in page 2 over to page 3. So it was our respectful suggestion that perhaps the plaintiffs could supplement that joint letter with the information that was called for.

THE COURT:  Thank you.

Counsel for plaintiff?

MR. PORRITT:  Yes, your Honor, we will obviously be sharing the damages information, which, as defendants' counsel identifies, in the Securities Act are mathematical calculations, the damages are statutory, so it's really not a secret.  So I think this is a question of timing, and obviously we'll be exchanging damages estimates and assessments as part of any mediation process.  That's sort of fundamental.  So I don't really regard this as a terribly large issue, to be honest.

So I don't think that we need necessarily a joint letter in that regard, but obviously we're not trying to hide the ball as to damages, so that's all I really have to say at this point.  It's not complicated.  It's not like we're trying

M5HTTUFC

to be difficult, it's a question of making sure that the timing is coordinated on our side.

THE COURT:  Good.  Thank you.

Let me say two things.  First, I do encourage the parties to share information that is not privileged that will otherwise be discoverable early to facilitate your conversations about a resolution.

The second thing that I will emphasize is something that counsel for defendant I think alluded to in her remarks, which is that the case management plan and scheduling order that I'm going to be entering -- hopefully later today -- does require initial disclosures under Rule 26(a) to be provided within 14 days of the date of the order.  You all know what that rule requires.  Among other things, it requires calculation of damages.  So I would expect that there would be appropriate disclosure pursuant to Rule 26(a) at the time required under the order.  I'm not going to take a position regarding what the specific content of those disclosures must be, I just point to that obligation under Rule 26.

Counsel for defendant, what was your second comment?

MS. HAVLIN:  Understood, your Honor, and thank you.

The final point to raise as we were discussing scheduling matters -- and we flagged this as well for the plaintiffs -- is whether we should set some expectation for when a motion for class certification should be filed under

M5HTTUFC

Rule 23. That's an early practical time. It's really just for our own planning given that that would likely kick off a phase of class certification discovery as well. So it's not necessarily something for today, but just so it's on our collective radars if there's any sense that we could have in the coming time of when that's anticipated.

THE COURT: Good. Thank you. That may be a question for counsel for plaintiff.

Let me say one brief thing from my perspective on this. I'm going to direct that a premotion conference request letter be filed with the Court before any motion or certification of a class is filed. My hope and expectation is that at the time that we have that premotion conference we'll be able to develop a specific schedule for briefing the motion. So I'm not expecting to establish a specific schedule now for briefing a class certification motion, instead, I expect that we'll discuss that when prompted by an application on behalf of plaintiff submitted to the Court as a request for premotion conference.

Counsel for plaintiffs, anything else that you would like to say in response?

MR. PORRITT: We understand Rule 23 requires a motion at the earliest practical time. Our thinking was to wait to see whether the mediation process looks fruitful before embarking on class certification to save resources for both the

M5HTTUFC

Court and the parties.  So under that schedule, it is anticipated that will be started by July 18, so sometime after that, we would anticipate, is when we would address class certification and file the premotion letter and address the schedule at that point in time.

THE COURT:  Thank you.

Counsel for the defendants, any other thoughts or questions about that issue?

MS. HAVLIN:  No, thank you, your Honor.

THE COURT:  Very good.  So thank you all very much.  This proceeding is adjourned.

(Adjourned)