USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION

Master File No. 1:20-cv-5646-GHW

Hon. Gregory H. Woods

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

GREGORY H. WOODS, District Judge:

WHEREAS, Lead Plaintiff Mark Henry and Named Plaintiffs Matt Primozich and William J. Allen (together, "Plaintiffs") and Defendants Tufin Software Technologies Ltd. ("Tufin"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (together, the "Individual Defendants") (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind

produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential any documents containing material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, sales projections, pricing data, and drafts of regulatory filings);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans, including but not limited to information concerning sales policies and practices and policies and practices regarding hiring or training;

(d) any information of a personal or intimate nature regarding any individual ("Personal Data"), including but not limited to performance evaluations and personnel files; or

(e) any other category of information given confidential status by this Court after the date of this Order.

3. Plaintiffs may designate as Highly Confidential any documents containing

material that they reasonably and in good faith believe contains information identifying the confidential witnesses referenced in the Second Amended Complaint (ECF No. 70) ("Confidential Witness(es)") as such Confidential Witnesses[1].

4.  With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility and in accordance with any specifications subsequently agreed to by the Parties.

5.  Any Party or the Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

---

[1] For the avoidance of doubt, nothing in this Order is an admission that the name or identity of any Confidential Witness is entitled to Highly Confidential treatment for the duration of the action. The parties reserve all rights to challenge the appropriateness of any confidentiality designation as set forth in this Protective Order.

6. If at any time before the termination of this action a Party or the Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential, as the case may be. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Party or the Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers,

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

AMERICAS 114395920

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where Plaintiffs have designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) The Individual Defendants, provided the Individual Defendants have each first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(b)   The Confidential Witnesses;

(c)   Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(d)   Defendants' insurers and counsel to their insurers, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)   any current or former Tufin employee or officer necessary to assist in the litigation and provided any such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person or entity has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(i)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

AMERICAS 114395920

(j) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(k) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material or Highly Confidential Discovery Material to any person referred to in the above subparagraphs 8(d), 8(f), 8(g), or 9(a), 9(d), 9(e), 9(f), 9(g), and 9(i), counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

12. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission") or Highly Confidential

Discovery Material ("Highly Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission or Highly Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission or Highly Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission or Highly Confidential Court Submission. With respect to Confidential or Highly Confidential Discovery Material that was designated as such by someone other than the Party seeking to file the Confidential or Highly Confidential Discovery Material, the filing party must provide the designating party reasonable advance notice of not less than five business days, identifying the Confidential or Highly Confidential Discovery Material in writing. The party who designated the Confidential or Highly Confidential Discovery Material as such must then within the five business days: (a) provide redacted copies of the Confidential or Highly Confidential Discovery Material to be publicly filed in accordance with this paragraph; and (b) file a letter explaining the need to seal or redact the Confidential or Highly Confidential Discovery Material. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential or Highly Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

    13.  Any Party who objects to any designation of confidentiality may at any

time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

15. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Taking into account the state of the art, the costs of implementation, and the nature, scope, context, and purposes of processing as well as the risk of varying likelihood and severity of the rights and freedoms of individuals, recipients of Personal Data shall implement appropriate technical and organizational measures to ensure a level of security appropriate to the risk to accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to the Personal Data received ("Personal Data Incident"). The recipient of Personal Data shall, immediately upon becoming aware of any Personal Data Incident: (a) notify the Producing Party about the Personal Data Incident, and (b) cooperate with the

Producing Party to provide any information necessary for the Producing Party to meet its obligations under applicable privacy laws.

17. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work

product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| Dated: August 3, 2022 | Dated: August 3, 2022 |
|---|---|
| */s/ Adam M. Apton* <br> Nicholas I. Porritt <br> Adam M. Apton <br> **LEVI & KORSINSKY, LLP** <br> 55 Broadway, 10th Floor <br> New York, NY 10006 <br> Tel: (212) 363-7500 <br> Fax: (212) 363-7171 <br> nporritt@zlk.com <br> aapton@zlk.com <br><br> *Counsel for Lead Plaintiff Mark Henry and Lead Counsel for the Class* <br><br> Patrick V. Dahlstrom <br> Christopher P.T. Tourek (*pro hac vice* application forthcoming) <br> **POMERANTZ LLP** <br> 10 South LaSalle Street, Suite 3505 <br> Chicago, Illinois 60603 <br> Telephone: (312) 377-1181 <br> Facsimile: (312) 377-1184 <br> pdahlstrom@pomlaw.com <br> ctourek@pomlaw.com | */s/ Susan L. Grace* <br> Glenn M. Kurtz <br> Kimberly A. Havlin <br> Susan L. Grace <br> **WHITE & CASE LLP** <br> 1221 Avenue of the Americas <br> New York, New York 10020 <br> T: (212) 819-8200 <br> F: (212) 354-8113 <br> gkurtz@whitecase.com <br> kim.havlin@whitecase.com <br> susan.grace@whitecase.com <br><br> *Attorneys for Defendants* |

Phillip Kim
Laurence M. Rosen
Brent LaPointe
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
blapointe@rosenlegal.com

*Counsel for Named Plaintiffs Matt Primozich and William J. Allen*

      SO ORDERED.

Dated: August 5, 2022
New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge

# EXHIBIT A

to Stipulated Confidentiality Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: