**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW <br><br> Hon. Gregory H. Woods |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement and all exhibits thereto ("Stipulation") by and among (i) Plaintiffs (defined below), on behalf of themselves and on behalf of the Settlement Class (defined below), and (ii) Defendants (defined below), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (defined below) and is intended by the Settling Parties to fully, finally, and forever release, resolve, remise, and discharge the Released Claims (defined below) against the Released Parties (defined below), subject to the approval of the United States District Court for the Southern District of New York ("Court").

Throughout this Stipulation, all terms used with initial capitalization but not immediately defined shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.    The Federal Action

On July 21, 2020, the action *Ellison v. Tufin Software Technologies Ltd., et al*., Case No. 1:20-cv-05646-GHW was commenced in the United States District Court for the Southern District of New York ("Court") alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") (the "*Ellison* Action") (Dkt. No. 1) against Tufin Software Technologies Ltd. ("Tufin"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard

Cukierman, Yair Shamir, Ronni Zehavi, Yuval Shachar (together, the "Individual Defendants"), and the Underwriters.

On August 10, 2020, a related action, *Michaelson v. Tufin Software Technologies Ltd. et al.*, Case No. 1:20-cv-06290-GHW, asserting violations of Sections 11 and 15 of the Securities Act was filed in this Court (the "*Michaelson* Action") against Tufin and the Individual Defendants.

On September 18, 2020, several competing motions seeking consolidation as well as appointment of lead plaintiff and lead counsel were filed. On October 19, 2020, Judge Gregory H. Woods consolidated the *Ellison* Action and the *Michaelson* Action under the caption *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-CV-05646 (S.D.N.Y.), and appointed Mark Henry ("Henry") as Lead Plaintiff and Levi & Korsinsky, LLP ("L&K") as Lead Counsel (Dkt. No. 44).

On February 4, 2021, Lead Plaintiff filed the Consolidated Complaint for the Violations of the Securities Act of 1933 (Dkt. No. 55) ("Amended Complaint"), naming as defendants Tufin and the Individual Defendants. The Amended Complaint did not name the Underwriters as defendants.

On May 20, 2021, Defendants filed a motion to dismiss (Dkt. Nos. 61-63). Lead Plaintiff filed his opposition to the motion to dismiss on July 19, 2021 (Dkt. No. 64). And Defendants filed their reply on August 25, 2021 (Dkt. No. 68).

On February 25, 2022, Judge Woods entered an order granting in-part and denying in-part the motion to dismiss (Dkt. No. 69). The Court permitted Lead Plaintiff the opportunity to replead his dismissed claims. *Id*.

On March 31, 2022, Lead Plaintiff and Named Plaintiffs filed the operative Second Amended Consolidated Complaint for the Violations of the Securities Act of 1933 ("Second Amended Complaint") (Dkt. No. 70).   The Second Amended Complaint was substantively

identical to the Amended Complaint, except that it added as named plaintiffs Matthew Primozich and William J. Allen.

On April 14, 2022, Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint (Dkt. No. 73).

After an Initial Pretrial Conference, on May 17, 2022, Judge Woods entered the Civil Case Management Plan and Scheduling Order (Dkt. No. 78). On August 1, 2022, at the Parties' request, the Court entered the Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 82).

On August 5, 2022, the Court entered the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 85).

On January 13, 2023, Plaintiffs filed a letter for a pre-motion conference on their anticipated motion for class certification (Dkt. No. 89). On January 17, 2023, the Court entered the letter and set a briefing schedule for the motion for class certification (Dkt. No. 90). On February 16, 2023, Plaintiffs filed their motion for class certification (Dkt. Nos. 91-96).

On March 14, 2023, the Court granted the Parties' request to extend the time to compete discovery (Dkt. No. 98).

On April 17, 2023, the Parties informed the Court that they reached an agreement in principle to settle this matter and requested that all deadlines be adjourned *sine die*. (Dkt. No. 99).

**B.     The New York State Actions**

On February 26, 2020, Matt Primozich ("Primozich") filed an action styled as *Primozich v. Tufin Software Technologies Ltd., et al.*, Index No. 651287/2020 in the Supreme Court of New York, New York County ("*Primozich* Action") asserting violations of Sections 11 and 15 of the Securities Act against Tufin and the Individual Defendants.

On May 28, 2020, William J. Allen ("Allen") filed an action styled as *Allen v. Tufin Software Technologies Ltd., et al.*, Index No. 652118/2020 in the Supreme Court of New York, New York County ("*Allen* Action") asserting violations of Sections 11 and 15 of the Securities Act against Tufin and the Individual Defendants.

On June 15, 2020, Avi Shmuely filed a related action styled as *Shmuely v. Tufin Software Technologies Ltd., et al.*, Index No. 652475/2020 in the Supreme Court of New York, New York County ("*Shmuely* Action") asserting violations of Sections 11 and 15 of the Securities Act against Tufin and the Individual Defendants.

On July 1, 2020, Michael Roche filed a related action styled as *Roche v. Tufin Software Technologies Ltd., et al.*, Index No. 652833/2020 in the Supreme Court of New York, New York County ("*Roche* Action" and, together with the *Primozich* Action, the *Allen* Action, and the *Shmuely* Action, the "State Court Actions") asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act against Tufin, the Individual Defendants, and the Underwriters.

On July 17, 2020, Plaintiffs Primozich and Allen filed a motion to consolidate the State Court Actions and appoint Primozich and Allen as co-lead plaintiffs and their counsel, Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law"), as Co-Lead Counsel. On July 28, 2020, competing plaintiffs Avi Shmuely and Michael Roche opposed Primozich's and Allen's motion and crossed moved. On August 3, 2020, Primozich and Allen filed their reply and opposed Shmuely's and Roche's cross motion.

On November 17, 2020, Plaintiff Primozich filed an Amended Complaint in the *Primozich* Action and Plaintiff Allen filed an Amended Complaint in the *Allen* Action.

On August 5, 2021, Justice Melissa Anne Crane granted Primozich and Allen's motion, consolidated the State Court Actions under the *Primozich* Action docket, Index No. 651287/2020,

and appointed Primozich and Allen as Co-Lead Plaintiffs, and Pomerantz and Rosen Law as Co-Lead Counsel.

On August 16, 2021, Primozich and Allen filed a Consolidated Amended Complaint for Violations of the Securities Act of 1933, naming as defendants only Tufin and the Individual Defendants.

On September 15, 2021, Defendants filed a Motion to Stay Pending the Resolution of Identical Federal Action, and Motion to Enforce the PSLRA's Mandatory Stay of Discovery. On October 27, 2021, Plaintiffs Primozich and Allen filed a response to Defendants' motion stating that they did not oppose the motion for reasons of judicial economy. On November 3, 2021, Defendants filed a reply noting that Plaintiffs Primozich and Allen did not oppose their motion.

On December 8, 2021, Justice Crane stayed the consolidated state action until the resolution of the pending motion to dismiss in the Federal Action and set a conference on March 4, 2022.

On March 2, 2022, Co-Lead Counsel notified Justice Crane that the Court denied the motion to dismiss in the Federal Action and, thus, requested that the consolidated state action remain stayed and that the conference for May 4, 2022 be adjourned. On March 3, 2022, Justice Crane lifted the stay and directed the parties to appear for a conference.

On April 7, 2022, the parties filed a Notice of Voluntary Discontinuance, dismissing the state court action and stating Plaintiffs Primozich and Allen would be added as Named Plaintiffs in the Federal Action and their claims will proceed in that Court.

### C.    Settlement Negotiations

In early March 2023, the Settling Parties agreed to mediate this dispute in an attempt to settle the Action. The Settling Parties participated in a mediation session with Jed Melnick of

JAMS on March 29, 2023. Prior to the mediation session, the Settling Parties prepared and exchange detailed mediation statements. The Settling Parties then reached a settlement in principle on April 11, 2023 exchanging a full release of all claims against all Defendants and their Related Parties from all Settlement Class Members that do not exclude themselves in exchange for $2,000,000. Pursuant to the Settling Parties' request, on April 17, 2023, the Court ordered a stay of all proceedings, pending its consideration of Plaintiffs' anticipated motion for preliminary approval of the Settlement (Dkt. Nos. 99-100). On May 1, 2023, the Settling Parties executed a term sheet, broadly setting forth the terms of the Settlement.

This Stipulation memorializes the agreement between the Settling Parties to fully, finally, and forever settle the Action and release all Released Claims with prejudice in return for specified consideration.

### D.    The Defendants' Denial of Wrongdoing and Liability

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each allegation of wrongdoing, fault, liability, or damage whatsoever that has been asserted in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54C944A0705

either Defendants or any of the Released Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

### E.     Claims of Plaintiffs and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations they allege in the Action, including the defenses that Defendants have asserted or could have asserted during the motion for class certification, motion for summary judgment, and trial. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs, on behalf of themselves and each Settlement Class Member, and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.     Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.** "Action" means the consolidated putative class action, captioned *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-CV-05646 (S.D.N.Y.).

**1.2.** "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the Summary Notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶ 7.2 of this Stipulation) to the Authorized Claimants. Such costs do not include legal fees.

**1.3.** "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.** "Award to Plaintiffs" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the Settlement Class in the Action.

**1.5.** "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

**1.6.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as this Stipulation and the Court shall prescribe.

**1.7.** "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for

damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissory damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown (including, without limitation, Unknown Claims (defined below)), arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.8.     "Claims Administrator" means Strategic Claims Services ("SCS"), which Plaintiffs have engaged to transmit notice to potential Settlement Class Members and administer the Settlement.

1.9.     "Defendants" means Tufin Software Technologies, Ltd., Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar.

1.10.    "Defendants' Counsel" means the law firm White & Case LLP.

1.11.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of the Settlement Class in accordance with the terms of the Stipulation and any order of the Court. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

1.12.    "Escrow Agent" means Strategic Claims Services or its appointed agents. Plaintiffs' Counsel shall cause the Escrow Agent to perform the duties as set forth in this Stipulation and any order of the Court.

1.13.    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

**1.14.**    "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit B, or otherwise ordered by the Court. "Final," when used in conjunction with and with respect to the "Final Judgment" means after the exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date all appeals or requests for review are dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise.

**1.15.**    "Insurer(s)" means the insurers under director and officer, company securities, or similar liability policies that cover or covered Defendants or Defendants' Related Parties.

**1.16.**    "IPO" means Tufin's initial public offering on or about April 11, 2019.

**1.17.**    "Lead Counsel" means Levi & Korsinsky, LLP.

**1.18.**    "Lead Plaintiff" means Mark Henry.

**1.19.**    "Named Plaintiffs" means Matt Primozich and William J. Allen.

**1.20.**    "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice ("Postcard Notice"), that are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 (or other substantially similar forms mutually agreed to by the Settling Parties or otherwise ordered by the Court) on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

**1.21.**    "Opt-Out" shall have the meaning set forth in ¶ 10.5 of this Stipulation.

**1.22.**   "Person" means a natural person, an individual, corporation, firm, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity or organization, and includes any Person's spouse, marital community, heirs, predecessors, successors, representatives, and/or assigns.

**1.23.**   "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses (as defined in ¶ 4.1 of this Stipulation), and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Defendants and Defendants' Related Parties shall have no responsibility or liability with respect thereto.

**1.24.**   "Plaintiffs" means Lead Plaintiff Mark Henry and Named Plaintiffs Matt Primozich and William J. Allen.

**1.25.**   "Plaintiffs' Counsel" means Levi & Korsinsky, LLP; Pomerantz, LLP; and The Rosen Law Firm, P.A.

**1.26.**   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A, or otherwise ordered by the Court.

**1.27.**   "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2, or otherwise ordered by the Court.

**1.28.** "Related Parties" means, with respect to a Released Party, such Released Party's present and former employees, officers, directors, successors, predecessors, assigns, heirs, executors, trustees, administrators, immediate family members, spouses, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, underwriters (including with respect to Defendants, for the avoidance of doubt, and without limitation, the Underwriters and any other underwriters of the IPO and the SPO), investment advisors, consultants, principals, controlling shareholders, partners, members, managers, agents, joint ventures, direct and/or indirect parents, subsidiaries, divisions, affiliates, and/or administrators, as well as any trust of which such Released Party is the settlor or that is for the benefit of such Released Party and/or any member of such Released Party's immediate family, and/or any Person that is or was related to or affiliated with such Released Party or in which such Released Party has a controlling interest.

**1.29.** "Released Claims" means any or all of the Released Defendants' Claims and the Released Plaintiffs' Claims.

**1.30.** "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law arising from the institution, prosecution, or settlement of the Action, except (i) any Claims relating to the enforcement of the Settlement, and (ii) any Claims against any Opt-Out.

**1.31.** "Released Party" or "Released Parties" means any or all of the Persons receiving a release under this Stipulation.

**1.32.** "Released Plaintiffs' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign

-12-

law, whether class or individual in nature, (i) that were or could have been asserted by Plaintiffs or any Settlement Class Member in any complaint filed in the Action or the State Court Actions, (ii) arising out of, based upon, or relating in any way to the underwriting, purchase, acquisition, holding, sale, or disposition of Tufin common stock in or pursuant and/or traceable to the Registration Statements issued in connection with the IPO and SPO and the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged or referred to in the Action or the State Court Actions, or which could have been alleged in such actions, or (iii) arising out of, based upon, or relating in any way to the Settlement, except (i) claims to enforce the Settlement and (ii) any claims by any Opt-Out.

  **1.33.** "Releasing Party" means any one of, and "Releasing Parties" means all of, the Persons providing a release under this Stipulation.

  **1.34.** "Settlement" means the settlement contemplated by this Stipulation.

  **1.35.** "Settlement Amount" means USD $2,000,000 (two million U.S. dollars).

  **1.36.** "Settlement Class" means all persons or entities that purchased or otherwise acquired Tufin common stock pursuant and/or traceable to Tufin's Registration Statements issued in connection with Tufin's April 11, 2019 initial public offering ("IPO") and/or its December 2, 2019 secondary public offering ("SPO"). Excluded from the Settlement Class are Defendants; the officers, directors, and affiliates of Tufin, at all relevant times; Tufin's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Tufin stock through any such plan(s); any entity in which Defendants have or had controlling interest; the Individual Defendants' immediate family members and their legal representatives, heirs, successors, or assigns. Also excluded from the Settlement Class is each Opt-Out.

**1.37.** "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.38.** "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.39.** "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.40.** "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely (i) Defendants and (ii) Plaintiffs (on behalf of themselves and the Settlement Class and each of the Settlement Class Members).

**1.41.** "SPO" means Tufin's secondary public offering on or about December 2, 2019.

**1.42.** "Underwriters" means J.P. Morgan Securities LLC, Barclays Capital Inc., Jefferies LC, Oppenheimer & Co. Inc., Robert W. Baird & Co., Incorporated, Piper Jaffray & Co. (n/k/a Piper Sandler & Co.), Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C. and D.A. Davidson & Co.

**1.43.** "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in their favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected their settlement with and release of the Released Parties, or might have affected their decision(s) with respect to the Settlement and the Released Claims, including their decision to object or not to object to this Settlement. The Settling Parties and the Releasing Parties, by operation of the Final Judgment shall be deemed to, and expressly acknowledge that he, she, it or they shall have, and

-14-

shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiffs, Releasing Parties, and/or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## 2.     The Settlement Consideration

**2.1.**     Within five (5) Business Days after Plaintiffs file the motion for preliminary approval of the settlement, Plaintiffs' Counsel shall provide Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including: (i) complete and accurate wire transfer instructions (including bank name and ABA routing number, address,

account name, and number); (ii) payment address; and (iii) a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number (the "Payment Information").

2.2.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Tufin will pay, or cause to be paid, the Settlement Amount into the Escrow Account (subject to ¶ 10.8) within twenty (20) Business Days following the entry of the Preliminary Approval Order by the Court. For the avoidance of doubt, no other Defendant nor any other of Defendants' Related Parties shall be obligated to pay any amount pursuant to this Stipulation or otherwise in connection with the Settlement.

2.3.    Under no circumstances will Defendants, their Insurer(s),  or other Defendants' Related Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, as Administrative Costs, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account), except that Defendants shall pay all costs associated with providing the CAFA notice as provided in ¶ 5.3 and any costs associated with providing the names and addresses of potential Settlement Class Members and nominees or custodians as provided in ¶ 7.6.

3.    **Handling and Disbursement of Funds by the Escrow Agent**

3.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)    As provided in ¶ 3.4 of this Stipulation;

    **(b)**      As provided in ¶ 8.2 of this Stipulation;

    **(c)**      As provided in ¶ 10.8 of this Stipulation, if applicable; and

    **(d)**      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 of this Stipulation) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**    Plaintiffs' Counsel shall cause the Escrow Agent to invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties or the Insurer(s). Defendants, their counsel, their Insurer(s)and other Defendants' Related Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

**3.4.**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000.00 (One Hundred Fifty Thousand U.S Dollars) from the Settlement Fund to pay Administrative Costs.

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AF-B54G04AA078F

**4.      Taxes**

**4.1.**      The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)      For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)      All Taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants, their counsel, their Insurer(s), or other Defendants' Related Parties with respect to any income earned by the Settlement Fund for any period

during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund. Defendants, their counsel, their Insurer and other Defendants' Related Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurer(s) and other Defendants' Related Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.      Preliminary Approval Order, Notice Order, and Settlement Hearing**

**5.1.**      As soon as practicable after execution of this Stipulation, Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement, entry of the Preliminary Approval Order, and approval for the dissemination of Notice.

The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim (Exhibit A-2); (c) the Summary Notice (Exhibit A-3) and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement, Plaintiffs' Counsel's Fee and Expense Application (as defined in ¶ 8.1 of this Stipulation), the Award to Plaintiffs or the Plan of Allocation, or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Long Notice, Summary Notice and Postcard Notice before they are disseminated or otherwise provided to Settlement Class Members. Dissemination of Notice shall be solely the responsibility of Plaintiffs' Counsel. Defendants shall not object to, or have any responsibility for, the dissemination of Notice or Lead Counsel's proposed Plan of Allocation.

5.2.    At the time of the submission described in ¶ 5.1 of this Stipulation, Plaintiffs' Counsel shall request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter the Final Judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

5.3.    No later than 10 days following the filing of this Stipulation with the Court, Defendants shall serve, or cause to be served, the notice required under the Class Action Fairness Act of 2005 ("CAFA"). No later than 21 days following the filing of this Stipulation with the Court, Defendants shall file with the Court an affidavit or declaration regarding their compliance with the CAFA notice requirements. Defendants, and not Plaintiffs, shall pay all costs associated the with CAFA notice.

6.    **Releases and Covenants Not To Sue**

6.1.    Upon the Effective Date, Plaintiffs and the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants and Defendants' Related Parties, (ii) covenanted not to sue any Defendants or Defendants' Related Parties with respect to all such Released Plaintiffs' Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Plaintiffs' Claims against any Defendants or Defendants' Related Parties.

6.2.    Upon the Effective Date, Defendants, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and Plaintiffs' and Settlement Class Members' Related Parties, (ii) covenanted not to sue Plaintiffs, the Settlement Class Members, Plaintiffs' Counsel and Plaintiffs' and Settlement Class Members' Related Parties with respect to all such Released Defendants' Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54G044A070E

the Released Defendants' Claims against any Plaintiffs, Settlement Class Members, Plaintiffs' Counsel. or Plaintiffs' and Settlement Class Members' Related Parties.

**6.3.**    Nothing contained herein shall bar the Settling Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**7.**    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

**7.1.**    Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined in ¶ 7.2 of this Stipulation) to Authorized Claimants.

**7.2.**    The Settlement Fund shall be applied as follows:

**(a)**    To pay the Taxes and Tax Expenses described in ¶ 4.1 of this Stipulation;

**(b)**    To pay Administrative Costs;

**(c)**    To pay Plaintiffs' Counsel attorneys' fees with interest and expenses and the Award to Plaintiffs ("Fee and Expense Award"), to the extent allowed by the Court; and

**(d)**    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) of this Stipulation ("Net Settlement Fund"), plus accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

DocuSign Envelope ID: D86EEE9D-34B4-4C42-A5AE-B54C9044A078E

**7.3.** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

**7.4.** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants or any party who may pay the Settlement Amount on Defendants' behalf. Defendants, their counsel, their Insurer(s), and other Defendants' Related Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proof of Claim filed where doing so is in the interest of achieving substantial justice.

**7.5.** The Settling Parties understand and agree that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or

cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

      **7.6.**    To assist Plaintiffs' Counsel with respect to the dissemination of the Notice, Defendants have provided (at no cost to Plaintiffs, Plaintiffs' Counsel or the Settlement Fund) to Plaintiffs' Counsel reasonably available records containing the names and addresses of registered owners of Tufin common stock. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by Defendants or any transfer agent pursuant to this Paragraph shall be treated as confidential settlement material and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation, and for no other purpose.

      **7.7.**    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $20.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If a second distribution is not economically feasible, any balance that remains in the Net Settlement Fund after the payments contemplated in clauses (i) and (ii) above shall be donated to

-24-

a 501(c)(3) non-profit charitable organization serving the public interest designated by Plaintiffs' Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, their Related Parties, or Defendants' Counsel, and is approved by the Court.

**8.    Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.    Plaintiffs' Counsel may submit an application ("Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs.

8.2.    Except as otherwise provided in this Paragraph, the Fee and Expense Award awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within five (5) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Plaintiffs' Counsel agree that they and their law firms and their or their law firms' partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph and shall be jointly and severally liable for repayment of all attorneys' fees and

expenses awarded by the Court. Furthermore, without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of, or impose sanctions for, contempt against Plaintiffs' Counsel or their law firms should they fail timely to repay fees and expenses pursuant to this Paragraph. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

       **8.3.**    The procedure for and allowance or disallowance by the Court of the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and the Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained herein or therein or any other orders entered pursuant to this Stipulation.

       **8.4.**    Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants and Defendants' Related Parties (including, for the avoidance of doubt, Defendants' Insurer(s) and counsel) shall have no responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or awards to Plaintiffs beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶ 2.1 of this Stipulation. Other than as specifically set forth in ¶ 2.1 of this Stipulation, Defendants and Defendants' Related Parties (including, for the avoidance of doubt, Defendants'

Insurer(s) and counsel) shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class, and/or any other Person who receives payment from the Settlement Fund.

**9.      Class Certification**

In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, and (ii) the appointment of Plaintiffs' Counsel as class counsel.

**10.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.**      Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their or its election to do so ("Termination Notice") to all other Parties within seven (7) Business Days of:

(i)      entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)      entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)      entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)      entry of a Court order refusing to dismiss the Action with prejudice;

(v)      entry of a Court order by which the Final Judgment is modified or reversed in any material respect; and/or

       (vi)     failure on the part of any Party to abide, in any material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in the preceding sentence, ¶ 10.2 of this Stipulation, or ¶ 10.5 of this Stipulation, no Settling Party shall have the right to terminate the Settlement or the Stipulation for any reason.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, shall have the right to terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the payment of the Settlement Amount into the Escrow Account.

**10.3.**  The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

       **(a)**     No party has exercised its option to terminate the Settlement pursuant to ¶¶ 10.1 or 10.2 of this Stipulation;

       **(b)**     Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.5 of this Stipulation;

       **(c)**     The Court has entered the Preliminary Approval Order;

       **(d)**     The Settlement Amount has been paid into the Escrow Account;

       **(e)**     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

       **(f)**     The Final Judgment has become Final as defined in ¶ 1.14 of this Stipulation; and

       **(g)**     The Action has been dismissed with prejudice.

10.4.    Upon the occurrence of the Effective Date, any and all interest or right of Defendants or their Insurer(s) in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5.    If, prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto (each such Person, an "Opt-Out"), and such Persons in the aggregate purchased or otherwise acquired Tufin common stock in or pursuant and/or traceable to the Registration Statements issued in connection with the IPO and/or the SPO in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), then Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and the Settlement in accordance with the requirements and procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, in which case such disclosure shall be carried out, to the fullest extent possible, in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out threshold.

10.6.    In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any other reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to April 11, 2023, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

10.7.    In the event that the Stipulation shall be terminated, or be canceled, or the Settlement is not approved by the Court or is otherwise terminated or fails to become effective for any other reason, the terms and provisions of the Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.8.    In the event that the Stipulation shall be terminated, or be canceled, or the Settlement is not approved by the Court or is otherwise terminated or fails to become effective for any other reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less Taxes already paid and any Administrative Costs which have either been disbursed or have already been incurred) shall be refunded by the Escrow Agent to Defendants, or, at Defendants' direction, to its Insurer(s), with accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants. At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants pursuant to written direction from Defendants.

10.9.    No order of the Court (or modification or reversal on appeal of any order of the Court) concerning the Plan of Allocation, the Award to Plaintiffs, or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

## 11.    No Admission of Liability or Wrongdoing

The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement,

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54C904AA07BE

is evidence, or an admission, presumption or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding, including, without limitation, the Released Claims. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and/or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as

-31-

may be necessary to enforce the Settlement, Supplemental Agreement or Final Judgment, or as otherwise required by law.

**12.     Miscellaneous Provisions**

**12.1.**   Except in the event of the provision of a Termination Notice pursuant to and in accordance with ¶¶ 10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**   The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**   Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**12.4.**   Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are Settlement Class Members and that none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

**12.5.**   This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been

made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, and subject to any rights to indemnification or advancement of costs and legal fees among Defendants, each Settling Party shall bear its own costs.

12.6.   This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

12.7.   This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

12.8.   The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

12.9.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10.  This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.** This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**12.12.** Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be submitted to JAMS mediator Jed Melnick by way of expedited telephonic mediation.

**12.13.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.14.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.15.** Plaintiffs, Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against Defendants or Defendants' Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Defendants and Defendants' Related Parties with respect only to any matter relating to the subject matter of this Action, and (c) they will not discuss publicly any matter related to this Action or the Settlement with anyone, except as specifically permitted under this Stipulation.

**12.16.**  All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.17.**  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Act and Rule 11 of the Federal Rules of Civil Procedure.

**12.18.**  Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.19.**  The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**12.20.**  The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of this 7th day of July 2023.

**LEVI & KORSINSKY, LLP**

_DocuSigned by:_

_Adam Apton_

E0048A2EBD6B49D...

Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for Lead Plaintiff Mark Henry
and Lead Counsel for the Class*

**WHITE & CASE LLP**

_DocuSigned by:_

_Susan Grace_

3FA50DB6771A4B9...

Kimberly A. Havlin
Susan L. Grace
Logan P. Quinn
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: kim.havlin@whitecase.com
Email: susan.grace@whitecase.com
Email: logan.quinn@whitecase.com

*Counsel for Defendants*

**THE ROSEN LAW FIRM, P.A.**

_DocuSigned by:_

8E07DD42D59D439...

Phillip Kim
Laurence M. Rosen
Brent J. LaPointe
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: blapointe@rosenlegal.com

*Counsel for Named Plaintiff
William J. Allen*

**POMERANTZ LLP**

_DocuSigned by:_

02Q9028F7CC9458...

Patrick V. Dahlstrom
Christopher P.T. Tourek
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com
Email: ctourek@pomlaw.com

*Counsel for Named Plaintiff Matt Primozich*

# EXHIBIT A

EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff Mark Henry and Named Plaintiffs Matt Primozich and William J. Allen ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Tufin Software Technologies, Ltd. ("Tufin"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (collectively, "Defendants," and along with Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled, *In re Tufin Software Technologies Ltd. Securities Litigation,* Case No. 1:20-cv-5646-GHW (S.D.N.Y) (the "Action"); and the Court having reviewed and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2023, that:

1.      Unless otherwise defined, capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons or entities that purchased or otherwise acquired Tufin common stock pursuant and/or traceable to Tufin's Registration Statements issued in connection with Tufin's April 11, 2019 initial public offering ("IPO") and/or its December 2, 2019 secondary public offering ("SPO") ("Settlement Class"). Excluded from the Settlement Class are Defendants; the

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54C044A078E

officers, directors, and affiliates of Tufin, at all relevant times; Tufin's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Tufin stock through any such plan(s); any entity in which Defendants have or had controlling interest; the Individual Defendants' immediate family members and their legal representatives, heirs, successors, or assigns. Also excluded from the Settlement Class is each Opt-Out.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Plaintiffs' Counsel is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5.      The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's-length negotiations and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.       The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2023 at __:___ _.m. for the following purposes:

(a)       to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied for purposes of the Settlement;

(b)       to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)       to determine finally whether the Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the releases by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the releases against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d)       to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)       to consider the application of Class Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representatives;

(f)       to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by

3

Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

      (g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Class Counsel will cause the Claims Administrator to update its website regarding the Settlement Hearing's telephonic or virtual format.

9.     The Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), (b) the Proof of Claim and Release Form ("Proof of Claim"), (c) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and (d) the Postcard Notice, forms of which are exhibits to the Settlement Stipulation.

10.     Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12.     All Administrative Costs, including without limitation reasonable costs of identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement shall be paid from the Settlement Fund, in accordance with the Settlement Stipulation. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $150,000.00 (One Hundred Fifty Thousand Dollars) from the Settlement Fund to pay Administrative Costs.

13.     To assist Plaintiffs' Counsel with respect to the dissemination of the Notice, Defendants have provided (at no cost to Plaintiffs, Plaintiffs' Counsel or the Settlement Fund) to Plaintiffs' Counsel reasonably available records containing the names and addresses of registered owners of Tufin common stock. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by Defendants or any transfer agent pursuant to this Paragraph shall be treated as confidential settlement material and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation, and for no other purpose.

14.     Within sixteen (16) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email a link to the location of the electronic Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Settlement Stipulation as Exhibits A-1 and A-2; or (b) if no electronic mail address can be obtained, cause the Postcard Notice,

substantially in the form annexed to the Settlement Stipulation as Exhibit A-4, to be mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Class Counsel.

15.    Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who purchased or otherwise acquired Tufin common stock pursuant and/or traceable to the Registration Statements issued in connection with Tufin's IPO and/or SPO as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all such beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request a link to the location of the electronic Long Notice and Proof of Claim and email the link to each such beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the link to the electronic Long Notice and Proof of Claim, if email addresses are available, or Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email the link to the location of the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the

Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.05 per name, address, and email address provided; (ii) $0.05 per email for emailing notice; or (iii) $0.05 per postcard, plus postage at the rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.     Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

18.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the Postcard Notice mailing or Summary Notice emailing. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act of 1933 (the "Securities Act"); constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member

will be relieved from the terms and conditions of the Settlement, including the releases provided

for therein, based upon the contention or proof that such Settlement Class Member failed to receive

actual or adequate notice.

20.     In order to be entitled to participate in recovery from the Net Settlement Fund after

the Effective Date, each Settlement Class Member shall take the following action and be subject

to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to

the Claims Administrator: (i) electronically through the Claims Administrator's website,

www.strategicclaims.net/Tufin by 11:59 p.m. EDT on _____, 2023; or (ii) at the Post

Office Box indicated in the Notice, postmarked no later than _____, 2023

(twenty-eight (28) calendar days prior to the Settlement Hearing). Such deadline may be

further extended by Order of the Court. Each Proof of Claim shall be deemed to have been

submitted when: (i) the claim receives a confirmation notice from Strategic Claims

Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and

mailed by first class mail) provided such Proof of Claim is actually received before the

filing of a motion for an Order of the Court approving distribution of the Net Settlement

Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been

submitted when it was actually received by the Claims Administrator at the address

designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must

satisfy the following conditions: (i) it must be properly completed, signed and submitted

in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it

must be accompanied by adequate supporting documentation for the transactions reported

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54G944A079F

therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the

Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

21.     Any Settlement Class Members who do not submit a valid and timely Proof of Claim and do not exclude themselves from the Settlement Class will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Final Judgment, if entered.

22.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable. Any Persons requesting exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided, are excluded from the Settlement Class and are not deemed Settlement Class Members. A Person wishing to make such a request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2023 (twenty-one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the address listed in the Notice. In order to be valid, such request for exclusion must: (a) clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-cv-5646-GHW (S.D.N.Y)"; and (b) state the date, number of shares and dollar amount of Tufin common stock purchased in or pursuant and/or traceable to the Registration Statement issued in connection with Tufin's IPO and/or SPO. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Tufin common stock in or

pursuant and/or traceable to the Registration Statement issued in connection with Tufin's IPO and/or SPO; and (ii) demonstrating the Person's status as a beneficial owner of the Tufin's common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

23.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline).

24.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

25.     All Persons who submit a valid and timely request for exclusion that is not timely revoked pursuant to paragraph 23 will be forever barred from receiving any payment from the Net Settlement Fund.

26.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the Final Judgment to be entered approving the Settlement, or any other order relating thereto, unless that Person has served copies of any

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54C044A078F

objections, papers and briefs, via first class mail or courier, to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

<u>PLAINTIFFS' COUNSEL:</u>

LEVI & KORSINSKY, LLP
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue
40th Floor
New York, NY 10016

POMERANTZ LLP
Patrick V. Dahlstrom
Christopher P.T. Tourek
10 South LaSalle Street
Suite 3505
Chicago, IL 60603

<u>COUNSEL FOR DEFENDANTS:</u>

WHITE & CASE LLP
Kim Havlin
1221 Avenue of the Americas
New York, New York 10020

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007. To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, telephone number, and email address (if any); (2) a list of all purchases or acquisitions and, if applicable, sales of Tufin common stock purchased in or pursuant and/or traceable to the Registration Statements issued in

connection with Tufin's IPO and/or SPO, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

27.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation, the Final Judgment, and by all proceedings, orders and judgments in

13

the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

28.     The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

29.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

30.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

31.     Defendants and Defendants' Related Parties (including for the avoidance of doubt, Defendants' Insurer(s) and counsel) shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their Insurers or any of Defendants' Related Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

35.     In the event the Settlement is terminated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof), to the extent provided by and in accordance with the Settlement Stipulation, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to April 11, 2023, pursuant to the terms of the Settlement Stipulation.

36.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in paragraph 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Settling Parties that the Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.


Dated: _____, 2023                 _____
                                           HON. GREGORY H. WOODS
                                           UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired Tufin Software Technologies, Ltd. ("Tufin" or the "Company") common stock in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's April 11, 2019 initial public stock offering ("IPO") and/or the December 2, 2019 secondary public offering ("SPO"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide two million dollars ($2,000,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased or otherwise acquired Tufin common stock in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's IPO and SPO.

- The Settlement represents an estimated average recovery of $0.14 per share of Tufin issued in the IPO and SPO. This estimate solely reflects the average recovery per share of Tufin common stock issued in the IPO and SPO. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on, among other things, the aggregate losses of all Settlement Class Members, the date(s) you purchased (or otherwise acquired) and sold Tufin common stock, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Plaintiffs' Counsel") will ask the Court to award them fees of up to one-third of the Settlement Amount plus interest, reimbursement of no more than $150,000 in litigation expenses, and an Award to Plaintiffs not to exceed $15,000 in total, consisting of $5,000 to each Plaintiff. Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $0.06 per share of Tufin common stock issued in the IPO and the SPO. If approved by the Court, these amounts will be paid from the Settlement Amount.

DocuSign Envelope ID: D86EEE9D-2464-4C42-A5AF-B54C044A078E

- The average approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is $0.08 per share of Tufin common stock issued in the IPO and SPO. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on, among other things, the aggregate losses of all Settlement Class Members, the date(s) you purchased (or otherwise acquired) and sold Tufin common stock, and the total number and amount of claims filed.

- The Settlement resolves the pending class action against Tufin, Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (together, "Defendants"), which alleged violations of federal securities laws with respect to alleged misrepresentations and/or omissions of material fact in offering documents issued in connection with Tufin's IPO and SPO (the "Action"). Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____, **2023.** This is the only way you can be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____, **2023** about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AF-B54G044A078F

EXHIBIT A-1

| | |
|---|---|
| **Go To The Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____, **2023**. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Tufin Software Technologies Ltd. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.: 866-274-4004 Fax: 610-565-7985 info@strategicclaims.net | **or** | Adam Apton LEVI & KORSINSKY LLP 55 Broadway, 4th Floor, Suite 427 New York, NY 10006 Tel: (212) 363-7500 Fax: (212) 363-7171 aapton@zlk.com |

☐

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation").

☐

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have purchased or otherwise acquired the common stock of Tufin in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's IPO and/or SPO.

**2.      What is this lawsuit about?**

The case is known as *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-cv-5646-GHW (S.D.N.Y.) (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

☐

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact in the Registration Statements issued in connection with Tufin's IPO and SPO. The complaint alleges, among other things, that the Registration Statements contain materially misleading statements concerning Tufin's sales cycle. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement is not and shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Defendants or Defendants' Related Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member.

3.     **Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

4.     **Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. Plaintiffs and Defendants disagree regarding whether the alleged misstatements were materially false or misleading or otherwise actionable under the federal securities laws, the availability of certain defenses to Defendants, and the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any alleged misstatement was false or misleading at trial and the amount of damages, if any.

5.     **How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons or entities that purchased or otherwise acquired Tufin common stock pursuant and/or traceable to Tufin's Registration Statements issued in connection with Tufin's April 11, 2019 initial public offering ("IPO") and/or its December 2, 2019 secondary public offering ("SPO") ("Settlement Class").

**6.**      **Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants; the officers, directors, and affiliates of Tufin, at all relevant times; Tufin's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Tufin stock through any such plan(s); any entity in which Defendants have or had controlling interest; the Individual Defendants' immediate family members and their legal representatives, heirs, successors, or assigns. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order, as described below in the answer to question 11.

**7.**      **I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Tufin, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.**      **What does the Settlement provide?**

**a.**      **What is the Settlement Fund?**

The proposed Settlement provides for Defendants to pay, or cause to be paid on their behalf, two million dollars ($2,000,000.00) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.**      **What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased (or otherwise acquired) and sold Tufin common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and any Award to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants").

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Tufin/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than $20 dollars ($20.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54G944A079E

EXHIBIT A-1

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

### General Provisions

1.  There shall be no Recognized Loss attributed to any Tufin securities other than common stock.

2.  For purposes of calculating the Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Tufin common shares during the time period between April 11, 2019 and July 21, 2020, inclusive.

3.  No cash payment will be made on a claim where the potential distribution amount is less than $20.00 (Twenty Dollars and Zero Cents). Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Plaintiffs' Claims.

4.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

5.  Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, any of Defendants' Related Parties, including Defendants' Counsel, Plaintiffs, any of Plaintiffs' Related Parties, including Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund.

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54C044A078E
Case 1:20-cv-05646-GHW  Document 102  Filed 07/12/23  Page 63 of 97

EXHIBIT A-1

7.    Class Members who do not submit valid Proof of Claim and Release Forms will not share in the Settlement Proceeds.  Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

8.    For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Tufin common shares shall not be deemed a purchase, acquisition or sale of Tufin common shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded common shares are considered eligible purchases.

9.    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

I)    For common stock purchased pursuant or traceable to the IPO between April 11, 2019 and October 7, 2019, inclusive, the Recognized Loss shall be calculated as follows:

   A.  For shares sold between April 11, 2019 and July 21, 2020, inclusive, the Recognized Loss shall be the lesser of:

      i.    The purchase price per share (not to exceed the $14.00 per share IPO price) less the sale price per share; or
      ii.   $3.50 per share.

   B.  For shares held as of the close of trading on July 21, 2020, the Recognized Loss shall be the purchase price per share (not to exceed the $14.00 per share IPO price) less $10.50 per share.

II)   For common stock purchased pursuant or traceable to the SPO on December 5, 2019, Recognized Loss shall be calculated as follows:

   A.  For shares sold between December 5, 2019 and July 21, 2020, inclusive, the Recognized Loss shall be the lesser of:

      i.    $17.00 per share SPO price less the sale price per share; or
      ii.   $6.50 per share.

   B.  For shares held as of the close of trading on July 21, 2020, the Recognized Loss shall be $6.50 per share.

## 9.    How can I get a payment?

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Tufin. Read the

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54C044A078F

EXHIBIT A-1

instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Tufin **by 11:59 p.m. EDT on _____ __, 2023**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 2023**, to:

Tufin Software Technologies Ltd. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

### 10.    What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the Settlement Class by the _____ ___, 2023 deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against Defendants and Defendants' Related Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, officers, directors, attorneys, assigns, legal representatives, and agents, immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates and any person or entity which is or was related to or affiliated with any of them will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and Defendants' Related Parties any and all claims whether known or unknown (including Unknown Claims as defined in the Settlement Stipulation), asserted or unasserted, whether arising under federal, state, common or foreign law, whether class or individual in nature (i) that were or could have been asserted in the Action or the related State Court Actions (as defined in the Settlement Stipulation); (ii) arising out of, based upon, or relating in any way to the underwriting, purchase, acquisition, holding, sale, or disposition of Tufin common stock in or pursuant and/or traceable to the offering documents issued in connection with Tufin's IPO and/or SPO and the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged or referred to in the Action or the State Court Actions, or which could have been alleged in such actions; or (iii) arising out of, based upon, or relating in any way to the Settlement, except claims to enforce the Settlement. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, disposition, holding or ownership of Tufin common stock in or pursuant

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AF-B54G944A070E

and/or traceable to the offering documents issued in connection with Tufin's IPO and/or SPO.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or Defendants' Related Parties on your own, at your own expense, with respect to the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly states your name, address, phone number and email contact information (if any), and that you "request to be excluded from the Settlement Class *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-cv-5646-GHW (S.D.N.Y.)"; and (B) states the date, number of shares and dollar amount of each Tufin common stock purchase or acquisition you made in or pursuant and/or traceable to the offering documents issued in connection with Tufin's IPO and/or SPO. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Tufin common stock in or pursuant and/or traceable to the offering documents issued in connection with Tufin's IPO and/or SPO; and (ii) demonstrating your status as a beneficial owner of the Tufin common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 2023**, to the Claims Administrator at the following address:

Tufin Software Technologies Ltd. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by email.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.     If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you follow the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or Defendants' Related Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.     Do I have a lawyer in this case?**

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54C044A070E

The Court appointed Levi & Korsinsky, LLP as Lead Counsel to represent you and the other Settlement Class Members. The Rosen Law Firm, P.A. and Pomerantz LLP (with Levi & Korsinsky, "Plaintiffs' Counsel") also represent Plaintiffs in the Action. If you want to be represented by your own lawyer, you may hire one at your own expense. You have the right to appear at the Settlement Hearing through counsel of your choosing. Contact information for Plaintiffs' Counsel is provided below.

**14.      How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $150,000 and an Award to Plaintiffs not to exceed $15,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.      How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-cv-5646-GHW (S.D.N.Y.). Be sure to include: (1) your name, address, telephone number, and email address (if any); (2) a list of all purchases or acquisitions and sales of Tufin common stock in or pursuant and/or traceable to the Registration Statement issued in connection with Tufin's IPO and/or SPO; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, telephone number, and email address of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions relating to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve

copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2023**:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

PLAINTIFFS' COUNSEL

| LEVI & KORSINSKY, LLP | THE ROSEN LAW FIRM, P.A. | POMERANTZ LLP |
|---|---|---|
| Nicholas I. Porritt | Phillip Kim | Patrick V. Dahlstrom |
| Adam M. Apton | 275 Madison Avenue | Christopher P.T. Tourek |
| 55 Broadway, 10th Floor | 40th Floor | 10 South LaSalle Street |
| New York, NY 10006 | New York, NY 10016 | Suite 3505 |
| | | Chicago, IL 60603 |

COUNSEL FOR DEFENDANTS

WHITE & CASE LLP
Kim Havlin
1221 Avenue of the Americas
New York, NY 10020

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2023, at __:__ _.m., at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Plaintiffs' Counsel will cause the Claims Administrator to update its website, on the page dedicated to this Settlement, to note the telephonic or other virtual means for the Settlement Hearing.

**18.    Do I have to come to the hearing?**

DocuSign Envelope ID: D86EEE9D-2454-4C42-A5AE-B54C044A078E

EXHIBIT A-1

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or Defendants' Related Parties relating to the Released Claims (as defined in the Settlement Stipulation) ever again.

### SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If you purchased, otherwise acquired, sold or otherwise disposed of Tufin common stock for the beneficial interest of a person or organization other than yourself in or pursuant and/or traceable to the offering documents issued in connection with Tufin's IPO on or about April 11, 2019 and Tufin's SPO on or about December 2, 2019, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased such Tufin common stock; (b) request a link to the location of the electronic Notice and Proof of Claim and Release Form and, within ten (10) days after receiving the link, email the link to the email address of each such beneficial purchaser/owner of the Tufin common stock; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days after receiving the additional Postcard Notices, mail the Postcard Notice directly to such beneficial purchaser/owners of the Tufin common stock. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.05 per name for providing names, addresses and email addresses to the Claims Administrator; up to $0.05 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED:    _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

# EXHIBIT A-2

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54G04AA070E

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU PURCHASED OR ACQUIRED TUFIN SOFTWARE TECHNOLOGIES LTD. ("TUFIN" OR THE "COMPANY") COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENTS ISSUED IN CONNECTION WITH TUFIN'S APRIL 11, 2019 INITIAL PUBLIC OFFERING ("IPO") AND DECEMBER 2, 2019 SECONDARY PUBLIC OFFERING ("SPO"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS; THE OFFICERS, DIRECTORS, AND AFFILIATES OF TUFIN, AT ALL RELEVANT TIMES; TUFIN'S EMPLOYEE RETIREMENT OR BENEFIT PLAN(S) AND THEIR PARTICIPANTS OR BENEFICIARIES TO THE EXTENT THEY PURCHASED OR ACQUIRED TUFIN STOCK THROUGH ANY SUCH PLAN(S); ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD CONTROLLING INTEREST; THE INDIVIDUAL DEFENDANTS' IMMEDIATE FAMILY MEMBERS AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE PRELIMINARY APPROVAL ORDER.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EDT ON _____, 2023 AT WWW.STRATEGICCLAIMS.NET/TUFIN.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2023 TO STRATEGIC CLAIMS SERVICES, AT THE FOLLOWING ADDRESS:

Tufin Software Technologies Ltd. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2023 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A

SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT, INCLUDING THE RELEASES THEREIN, UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A CLAIM FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

ALL CAPITALIZED TERMS NOT OTHERWISE DEFINED HEREIN SHALL HAVE THE SAME MEANINGS AS SET FORTH IN THE NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION (THE "NOTICE") AND, IF NOT THEREIN, THE STIPULATION AND AGREEMENT OF SETTLEMENT, DATED JULY 7, 2023 (THE "SETTLEMENT STIPULATION").

### CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired Tufin Software Technologies, Ltd. ("Tufin") common stock in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's IPO and/or SPO. (Do not submit this Claim Form if you did not purchase or acquire Tufin common stock in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's IPO and/or SPO.)

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Tufin stock, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition and/or sale of Tufin common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may

condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7.  Upon the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, predecessors, successors, attorneys, insurers, legal representatives, agents, and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons or entities, by it, him, her or them, and by its, his, her or their immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents of each of them, and all present, former and future direct and indirect parent entities, subsidiaries, predecessors, and successors, and each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents) of each of the "Released Parties," including "Defendants" and Defendants' "Related Parties,"  of all "Released Claims," including "Unknown Claims," as those terms are defined in the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation").

8.  Upon the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, predecessors, successors, attorneys, insurers, legal representatives, agents, and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons or entities, by it, him, her or them, and by its, his, her or their immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents of each of them, and all present, former and future direct and indirect parent entities, subsidiaries, predecessors, and successors, and each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents) not to sue any of the Released Parties, including Defendants and Defendants' Related Parties,

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AF-B54C044A078E

with respect to the Released Claims, including Unknown Claims, and to be permanently barred and enjoined  from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, including Unknown Claims, against any of the Released Parties, including Defendants and Defendants' Related Parties.

9. "Released Parties" has the meaning set forth in the Settlement Stipulation.

10. "Released Claims" has the meaning set forth in the Settlement Stipulation.

11. "Unknown Claims" has the meaning set forth in the Settlement Stipulation.

12.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. <u>NOTICE REGARDING INSTITUTIONAL FILERS</u>: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at <u>efile@strategicclaims.net</u> or by visiting the website <u>www.strategicclaims.net/institutional-filers/</u>. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Tufin common stock should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts, as well as one total holding at the close of trading on May 20, 2020, this would constitute and be processed a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Tufin common stock to prove and accurately process the claim.

14. <u>NOTICE REGARDING ONLINE FILING</u>: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but

your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN TUFIN SOFTWARE TECHNOLOGIES LTD. ("TUFIN") COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENTS ISSUED IN CONNECTION WITH TUFIN'S INITIAL PUBLIC OFFERING ("IPO") AND/OR SECONDARY PUBLIC OFFERING ("SPO")

**Purchases/Acquisitions:**

A.  Separately list each and every purchase or acquisition of Tufin common stock from April 11, 2019 through May 20, 2020, both dates inclusive (*must be documented*).

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

-7-

**Sales:**

B. Separately list each and every sale of Tufin common stock from April 11, 2019 through May 20, 2020, both dates inclusive (*must be documented*).

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Before Reduction for Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**End Holdings:**

C. State the number of shares of Tufin common stock held at the close of trading on May 20, 2020 (*must be documented*):

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Claim Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Tufin common stock purchased or acquired in or pursuant and/or traceable to the offering

-8-

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54C044A078E

documents issued in connection with Tufin's IPO and/or SPO and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THE CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/TUFIN BY __:__ _.M. EDT BY _____, 2023. , OR IF MAILED, MUST BE POSTMARKED NO LATER THAN _____, 2023 AND MUST BE MAILED TO:**

Tufin Software Technologies Ltd. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2023 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Claim Form and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.   Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Claim Form on page ____.  If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Claim Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT A-3

EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods |

## SUMMARY NOTICE OF PENDENCY AND
## PROPOSED CLASS ACTION SETTLEMENT

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TUFIN SOFTWARE TECHNOLOGIES LTD. ("TUFIN") COMMON STOCK PURSUANT AND/OR TRACEABLE TO TUFIN'S REGISTRATION STATEMENTS ISSUED IN CONNECTION WITH TUFIN'S APRIL 11, 2019 INITIAL PUBLIC OFFERING ("IPO") AND/OR TUFIN'S DECEMBER 2, 2019 SECONDARY PUBLIC OFFERING ("SPO") (THE "SETTLEMENT CLASS"):[1]**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2023, at __:__ _.m. before the Honorable Gregory H. Woods, United States District Judge of the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for $2,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Plaintiffs' Counsel for an award of attorneys' fees of up to one-third plus interest of the Settlement Amount, reimbursement of expenses of not more than $150,000, and an Award to Plaintiffs of no more than $15,000 in total, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation").

the Settlement Stipulation. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased or otherwise acquired Tufin Software Technologies, Ltd. ("Tufin" or the "Company") common stock in or pursuant and/or traceable to the Registration Statements issued in connection with Tufin's April 11, 2019 IPO and/or the December 2, 2019 SPO, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Tufin common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator: Tufin Software Technologies Ltd. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/Tufin. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form to the Claims Administrator, either electronically no later than 11:59 p.m. EDT on _____, 2023 or by first class mail postmarked no later than _____, 2023, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, 2023, in the manner and form explained in the Notice. All members of the Settlement Class who have not

requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and Award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, 2023, and must be mailed to each of the following:

Clerk of the Court                                    LEAD COUNSEL:
United States District Court
Southern District of New York                LEVI & KORSINSKY
Daniel Patrick Moynihan U.S.               Nicholas I. Porritt
Courthouse                                            Adam M. Apton
500 Pearl Street                                     55 Broadway, 10th Floor
New York, NY 10007                            New York, NY 10006

COUNSEL FOR DEFENDANTS

WHITE & CASE LLP
Kimberly A. Havlin
1221 Avenue of the Americas
New York, NY 10020

If you have any questions about the Settlement, you may call or write to Lead Counsel:

LEVI & KORSINSKY
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Email: nporritt@zlk.com
Email: aapton@zlk.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2023

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

# EXHIBIT A-4

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

*This Notice may affect your legal rights.*
*You may be entitled to a payment from*
*this securities class action settlement.*

In re Tufin Software Technologies Ltd. Securities Litigation

c/o Strategic Claims Services

600 N. Jackson Street, Suite 205

Media, PA 19063

---

*In re Tufin Software Technologies Ltd. Securities Litigation, Case No. 1:20-cv-5646-GHW (S.D.N.Y)*
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/TUFIN OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

There has been a proposed Settlement of all claims against Tufin Software Technologies Ltd. ("Tufin" or the "Company") and certain of its officers and directors (collectively, "Defendants") relating to Tufin's initial public offering ("IPO") or secondary public offering ("SPO"). The Settlement resolves a lawsuit in the United States District Court for the Southern District of New York (the "Court") in which Plaintiffs allege that, in violation of the federal securities laws, Tufin's Registration Statements contained materially false and misleading statements or omitted material information, causing damages to Settlement Class Members. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have purchased or otherwise acquired Tufin common stock pursuant and/or traceable to Tufin's Registration Statements issued in connection with Tufin's April 11, 2019 IPO and/or Tufin's December 2, 2019 SPO. The Settlement provides that, in exchange for the dismissal of this action and release of claims known and unknown against Defendants, Defendants will pay or cause to be paid into a fund $2,000,000 in cash ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, will be divided among all Class Members who submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement, your rights, and how to make a claim, please view the Stipulation and Agreement of Settlement at www.strategicclaims.net and please request a copy of the NOTICE and PROOF OF CLAIM by contacting the Claims Administrator in any of the following ways: (1) mail: *In re Tufin Software Technologies Ltd. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net/Tufin.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator.  A copy of the Proof of Claim can be found on the website.  PROOFS OF CLAIM ARE DUE BY _____, 2023 TO IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/TUFIN. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself by _____, 2023, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2023.  The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a hearing in this case on ___, 2023 at __:__ a.m. at the Court, 500 Pearl Street, Courtroom 12C, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of one-third of the Settlement Fund plus actual expenses up to $150,000  for litigating the case and negotiating the Settlement, and an award to Plaintiffs collectively not to exceed $15,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. You have the right to retain your own counsel and to appear at the hearing through counsel of your choosing. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call toll-free (866) 274-4004, or visit the website, www.strategicclaims.net/Tufin.

# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE TUFIN SOFTWARE
TECHNOLOGIES LTD. SECURITIES
LITIGATION

Master File No. 1:20-cv-5646-GHW

Hon. Gregory H. Woods

## [PROPOSED] FINAL JUDGMENT

DocuSign Envelope ID: D86EEE9D-24B4-4C42-A5AE-B54G044A079E

On the _____ day of _____, 2023, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 7, 2023 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Plaintiffs' Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated _____ _____, 2023 ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published and emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1

1.     This Final Judgment incorporates and makes a part hereof the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Plaintiffs are typical of the claims of the Settlement Class;

(d) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.     the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

2

iv.     the difficulties likely to be encountered in the management of the class

action.

The Settlement Class is being certified for settlement purposes only.

4.     The Court hereby finally certifies this action as a class action for purposes of the

Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of

all Persons who all persons or entities that purchased or otherwise acquired Tufin common stock

pursuant and/or traceable to Tufin's Registration Statements issued in connection with Tufin's

April 11, 2019 initial public offering ("IPO") and/or its December 2, 2019 secondary public

offering ("SPO") ("Settlement Class"). Excluded from the Settlement Class are Defendants; the

officers, directors, and affiliates of Tufin, at all relevant times; Tufin's employee retirement or

benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Tufin

stock through any such plan(s); any entity in which Defendants have or had controlling interest;

the Individual Defendants' immediate family members and their legal representatives, heirs,

successors, or assigns. Also excluded from the Settlement Class are those Persons who filed valid

and timely requests for exclusion in accordance with the Preliminary Approval Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of

this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement

Class ("Class Representatives") and Plaintiffs' Counsel is hereby appointed as Class Counsel for

the Settlement Class ("Class Counsel").

6.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds

that the forms and methods of notifying the Settlement Class of the Settlement and its terms and

conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure,

and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1, as amended by the Private

Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full and fair opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment except those persons listed on Exhibit A to this Final Judgment.

7.      The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Settlement Class Members, and Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Claims, are fully and finally dismissed with prejudice as against Defendants, Defendants' Related Parties, and the other Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.      Plaintiffs and the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf

of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, (i) shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants and Defendants' Related Parties; (ii) shall be deemed to have, and by operation of this Final Judgment shall have, covenanted not to sue any Defendants or Defendants' Related Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity; and (iii) shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum and in any capacity, any of the Released Plaintiffs' Claims, against any Defendants or Defendants' Related Parties.

10. Defendants, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, (i) shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties; (ii) shall be deemed to have, and by operation of this Final Judgment shall have, covenanted not to sue Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties with respect to any and all Released Defendants' Claims in any forum and in any capacity; and (iii) shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum and in any capacity, any of the

Released Defendants' Claims, against any Plaintiffs, the Settlement Class Members, and Plaintiffs' and Settlement Class Members' Related Parties.

11.     Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Final Judgment.

12.     Nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant or any claim brought directly by or derivatively on behalf of any Defendant against any of its Related Parties, any other Defendant, or any other Defendant's Related Parties.

13.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation. The Plan of Allocation is not a condition to the effectiveness of the Settlement, and the Defendants and Defendants' Related Parties shall have no responsibility or liability with respect thereto.

14.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

15.     Nothing in this Final Judgment, the Settlement Stipulation (including the Settlement contained therein), the terms and provisions of the Settlement, or any of the negotiations, documents or proceedings connected with the Settlement and this Final Judgment is, may be deemed to be or may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission, concession, or evidence of:

(a)      the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representatives or in any pleadings in the Action, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, Defendants' Related Parties, the Released Parties, or each or any of them;

(b)      any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants, Defendants' Related Parties, the Released Parties, or each or any of them;

(c)      the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Class Representatives or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      the merits or lack of merit of any of Class Representatives' or Settlement Class Members' claims;

(e)      the appropriateness or inappropriateness of class certification of any litigation class; or

(f)      the validity or amount of any damages sought or potentially recoverable in the Action.

16.      The Released Parties may file the Settlement Stipulation and/or this Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or

this Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Final Judgment.

17.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Net Settlement Fund to the Settlement Class Members.

19.     Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20.     There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.     The finality of this Order and Judgment shall not be affected, in any manner, by rulings that the Court may make or any appeals relating to the Plan of Allocation, Class Counsel's application for an award of attorneys' fees and expenses, or an award to Class Representatives.

22.     In the event the Settlement is terminated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment (including any

amendment(s) thereof), to the extent provided by and in accordance with the Settlement Stipulation, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to April 11, 2023, pursuant to the terms of the Settlement Stipulation.

Dated: _____, 2023

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

DocuSign Envelope ID: D86EEE9D-24E4-4C42-A5AE-B54G944A070E

**Exhibit A to Final Judgment**

[Settlement Class Members not bound by the Final Judgment]