**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | **Master File No. 1:20-cv-5646-GHW**<br><br>**Hon. Gregory H. Woods**<br><br>**CLASS ACTION** |

**DECLARATION OF ADAM M. APTON,**
**CHRISTOPHER P.T. TOUREK, AND BRENT J. LAPOINTE IN**
**SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

We, ADAM M. APTON, CHRISTOPHER P.T. TOUREK, and BRENT J. LAPOINTE, hereby declare as follows:

1. I Adam Apton, am an attorney licensed to practice law in the State of New York and before this Court. I am a partner at Levi & Korsinsky, LLP, Lead Counsel for Court-appointed Lead Plaintiff Mark Henry.

2. I, Christopher P.T. Tourek, am an attorney licensed to practice law in the State of Illinois and received a pro hac vice to appear before this Court. I am an associate at Pomerantz LLP and am an attorney for Named Plaintiff, Matt Primozich ("Primozich").

3. I, Brent J. LaPointe, am an attorney licensed to practice law in the State of New York and before this Court. I am an associate at The Rosen Law Firm, P.A. and am an attorney for Named Plaintiff, William J. Allen ("Allen").

4. We, Plaintiffs' Counsel, respectfully submit this declaration in support of the motion of Lead Plaintiff Henry and Named Plaintiffs Primozich and Allen (collectively, "Plaintiffs") to (i) preliminarily approve the proposed Settlement; (ii) approve the proposed form and manner of notice to potential Settlement Class Members; (iii) certify the Class for settlement purposes; and (iv) schedule a date and time for the Settlement Hearing to consider final approval of the Settlement and related matters. We have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

## I.   STANDING AND EXPERIENCE OF COUNSEL

5. Attached as **Exhibit 1** is a true and correct copy of the firm resume of Pomerantz LLP.

6. Attached as **Exhibit 2** is a true and correct copy of the firm resume of The Rosen Law Firm, P.A.

7.      Attached as **<u>Exhibit 3</u>** is a true and correct copy of the firm resume of Levi & Korsinsky, LLP.

8.      As reflected in its Firm Resume, Levi & Korsinsky, LLP is highly experienced in the field of securities class action litigation. The firm has obtained numerous significant settlements in federal courts around the country and currently serves as lead counsel in numerous matters. Levi & Korsinsky LLP's past successes and representations include *In re U.S. Steel Consolidated Cases*, Case No. 17-559-CB (W.D. Pa.) ($40 million cash recovery); *In re Tesla Inc. Securities Litigation*, Case No. 18-cv-4865-EMC (N.D. Cal.) (litigated securities fraud claims through jury verdict); and *In re Nutanix, Inc. Securities Litigation*, Case No. 3:19-cv-01651-WHO (N.D. Cal.) (represented options subclass in connection with $71 million settlement).

9.      As reflected in its firm resume, Pomerantz LLP is an exceptionally experienced securities class action firm and has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. In this District and others, Pomerantz LLP has recovered hundreds of millions of dollars for investors, including the largest securities class action settlement in a decade and the fifth-largest securities class action settlement achieved in the United States—a $2.95 billion settlement in a securities class action against Petroleo Brasileiro S.A. and other defendants (*In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y)); a $110 million settlement in a securities class action against Fiat Chrysler (*Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No 1:15-cv-07199-JMF (S.D.N.Y.); a $225 million settlement in a securities class action against Comverse Technology, Inc. (*In re Comverse Technology, Inc. Sec. Litig.*, No. 06-cv-1825 (E.D.N.Y.)); and a $135 million recovery in a securities class action in an insider trading case against S.A.C. Capital Advisors LP (*Kaplan v. S.A.C. Capital Advisors, LP*, No. 12-cv-9350 (S.D.N.Y.); *see also Strougo v. Barclays PLC,* No. 14-cv-5797 (S.D.N.Y.) (a $27 million

settlement in a securities class action); *In re Yahoo! Inc. Sec. Litig.*, No. 17-cv-00373 (N.D. Cal.) (a $80 million settlement in a securities class action); *In re Salomon Analyst AT&T Litig.*, No. 02-cv-6801 (S.D.N.Y.) (a $74.75 million settlement in a securities fraud class action).

10.    As reflected in its firm resume, The Rosen Law Firm is an experienced securities class action firm and has obtained numerous significant settlements in this district and districts around the country. These include *Christine Asia Co. Ltd. Et al. v. Ma et al.*, No. 1:15-md-02631 (S.D.N.Y.) ($250 million recovery); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.) ($110 million recovery); *Hayes v. Magnachip Semiconductor Corp.*, No. 12-cv-1160-JST (N.D. Cal.) ($29.7 million recovery); and *Menaldi v. Och-Ziff Capital Management Group LLC*, No. 14-cv-3251 (JPO) (S.D.N.Y.) ($28.75 million recovery).

11.    Since the inception of this litigation, Plaintiffs' Counsel vigorously prosecuted this action for the benefit of Plaintiffs and the Settlement Class. Plaintiffs' Counsel's efforts included, among other things, (i) conducting a thorough pre-suit investigation; (ii) drafting a detailed amended complaint; (iii) overcoming, in substantial part, Defendants' hard-fought motion to dismiss; (iv) propounding extensive document requests on Defendants; (v) serving document subpoenas to various non-parties who possess relevant information; (vi) responding to document requests and interrogatories from Defendants; (vii) consulting with experts in damages; (viii) engaging in numerous meet-and-confers with Defendants' counsel to resolve discovery disputes; (ix) drafting two mediation statements; (x) preparing for and attending two all-day mediations, as well as subsequent negotiations, before an experienced mediator; and (xi) negotiating and drafting the stipulation of settlement.

12.    This Settlement was the result of serious negotiations between the Parties, which first began shortly after discovery commenced when the Parties engaged in an all-day mediation

on September 7, 2022 before an experienced mediator. Those negotiations were ultimately unsuccessful, and the Parties continued to engage in written discovery. In early 2023, shortly after Plaintiffs had filed their motion for class certification and before the Parties conducted depositions, the Parties again determined to see if an early resolution was possible. On March 29, 2023, Plaintiffs and Defendants participated in a full-day mediation before an experienced mediator, Jed Melnick. While a settlement was not finalized at that mediation, the Parties continued to hold multiple follow-up rounds of discussions and negotiations over the ensuing weeks. Ultimately, on April 11, 2023, the Parties reached an agreement to settle this Action for cash payments totaling $2,000,000, as documented in their agreement in a Settlement Term Sheet executed on May 1, 2023. The Parties informed the Court of the Settlement in a joint letter filed with the Court on April 17, 2023 and asked the Court that all deadlines be adjourned *sine die*. ECF 99. On July 7, 2023, after the Parties vigorously negotiated the terms and language of the Stipulation of Settlement, Plaintiffs and Defendants signed the Stipulation of Settlement.

II.    **RETENTION OF STRATEGIC CLAIMS SERVICES & STANFORD CONSULTING GROUP, INC.**

13.    In connection with the motion for preliminary approval of the Settlement, Plaintiffs' Counsel request that the Court approve the retention of Strategic Claims Services ("SCS"), in independent settlement and claims administrator with extensive experience handling the administration of securities class action, to provide notice and claims administration services in the Action under the supervision of Plaintiffs' Counsel. These services will include disseminating notice of the Settlement to potential Settlement Class Members, receiving requests for exclusion from the Settlement Class, receiving and processing of Claim Forms, calculating payment amounts for eligible Claimants under the Court-approved plan of allocation, distributing payments to eligible Claimants, and responding to Settlement Class Member inquiries.

14.     SCS has successfully administered numerous complex securities class action settlements in this District and elsewhere. *See*, *e.g.*, *Christine Asia Co. Ltd. Et al. v. Jack Yun Ma et al.*, 1:15-md-02631-CM (SDA) (S.D.N.Y.); *Omega Healthcare Investors, Inc. Securities Litigation*, 1:17-cv-08983-NRB (S.D.N.Y.); *Sasol Limited Securities Litigation*, 1:20-cv-01008-JPC (S.D.N.Y.). A copy of SCS's President's CV is attached as **Exhibit 4**.

15.     Plaintiffs' Counsel selected SCS after a "request for proposal" process in which Plaintiffs' Counsel solicited proposals for notice and administration services from four experienced settlement administration firms. SCS's proposed fees and cost structures resulted in the lowest estimated total cost of the three bids received. One claim administration firm declined to submit a proposal due to the size of the settlement. In addition, based on their prior experience with SCS, Plaintiffs' Counsel believe SCS possesses the requisite experience and capacity to perform its duties reliably and competently. Accordingly, Plaintiffs' Counsel have selected SCS to serve as Claims Administrator for this engagement, subject to the Court's approval.

16.     Plaintiffs' Counsel plans to provide Notice via e-mail and, for those potential Class Members without an available e-mail address, via Postcard Notice. In order to provide Notice to the broadest swath of people, the Claims Administrator will utilize a list of the largest and most common U.S. banks, brokerage firms, and nominees that purchase securities on behalf of beneficial owners to facilitate the dissemination of notice, along with reasonably available records provided by Defendants containing the names and addresses of registered owners of Tufin common stock. The Claims Administrator will also cause the Summary Notice to be transmitted over the *GlobeNewswire*, one of the world's largest newswire distribution network which reaches 158 countries in 35 local languages, and the *Investor's Business Daily*. These methods are designed to effectuate Notice to as many potential Class Members as possible.

17.     Attached as **Exhibit 5** is a true and correct copy of the declaration of Paul Mulholland of SCS regarding the calculation of Recognized Loss and other factors that helped establish the Plan of Allocation.

18.     Attached as **Exhibit 6** is a true and correct copy of the declaration of Zachary Nye, Ph.D. of Stanford Consulting Group, Inc. regarding the calculation of damages in this Action.

19.     We respectfully request that the Court hold the preliminary approval hearing in person.

We declare, under penalty of perjury, that the foregoing is true and correct to the best of our knowledge.

Executed this 8th day of August, 2023.

| **LEVI & KORSINSKY, LLP** | **POMERANTZ LLP** | **THE ROSEN LAW FIRM, P.A.** |
|---|---|---|
| */s/ Adam M. Apton* | */s/ Christopher P.T. Tourek\** | */s/ Brent J. LaPointe\** |
| Adam M. Apton | Christopher P.T. Tourek | Brent J. LaPointe |
| 55 Broadway, 10th Fl. | 10 S. LaSalle St., Ste. 3505 | 275 Madison Avenue, 40th Fl. |
| New York, New York 10006 | Chicago, Illinois 60603 | New York, New York 10016 |
| (212) 363-7500 | (312) 377-1181 | (212) 686-1060 |
| aapton@zlk.com | ctourek@pomlaw.com | blapointe@rosenlegal.com |

*All electronic signatures ("*/s/*") are signed with consent of counsel pursuant to Rule 8.5 of this Court's Electronic Case Filing Rules & Instructions.

7