**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ADAM M. APTON, IN SUPPORT OF PLAINTIFFS' MOTIONS FOR (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS** |

I, Adam M. Apton, declare the following, to the best of my knowledge, pursuant to 28 U.S.C. §1746.[1]

1.       I am an attorney duly licensed to practice law in the State of New York and before this Court. I am an attorney with Levi & Korsinsky, LLP, Counsel for Lead Plaintiff Mark Henry and Lead Counsel for the Class in the above-captioned Action. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto. I intend nothing in this Declaration to constitute a specific or general waiver of attorney-client privilege or any other applicable privilege or doctrine.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings set forth in the Stipulation and Agreement of Settlement dated as of July 7, 2023 (Dkt. No. 108-2) ("Stipulation").

1

2.      I submit this Declaration in support of Plaintiffs' Motions, filed concurrently herewith, for: (1) final approval of the proposed class action Settlement; and (2) an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs. I set forth herein relevant facts concerning the Action against Tufin Software Technologies Ltd. ("Tufin" or the "Company"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (collectively, the "Individual Defendants" and, together with Tufin, "Defendants"). I also set forth herein relevant facts showing that (1) the Settlement is fair, reasonable, and adequate; (2) the notice program satisfied Fed. R. Civ. P. 23(c)(2) and 23(e)(1), the Private Securities Reform Act of 1995, 15 U.S.C. §78u-4(a)(7) ("PSLRA"), and due process; (3) the Plan of Allocation is fair and reasonable; and (4) and that Plaintiffs' requests for attorneys' fees, reimbursement of expenses, and awards to Plaintiffs are reasonable.

3.      The Settlement completely resolves the Action as to all claims against all Defendants, providing for a cash payment by and on behalf of Defendants in the amount of $2,000,000, in exchange for full mutual releases.

4.      On August 10, 2023, the Court entered an Order preliminarily approving the Settlement and approving the form and manner of providing notice to potential Class Members (Dkt. No. 111) ("Preliminary Approval Order").

5.      Plaintiffs now seek final approval of the Settlement, as well as an award of attorneys' fees to Class Counsel of one-third of the Settlement Fund ($666,666.67) plus interest, reimbursement of counsel's out-of-pocket litigation expenses incurred in prosecuting this Action in the amount of $134,014.99, and awards to Plaintiffs totaling $15,000.

6.      Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Craig Decl.").

7.      Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Adam M. Apton Concerning Attorneys' Fees and Expenses ("Apton Fee Decl.").

8.      Attached hereto as **Exhibit 3** is a true and correct copy of the Declaration of Christopher P.T. Tourek Concerning Attorneys' Fees and Expenses ("Tourek Fee Decl.").

9.      Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Brent J. LaPointe Concerning Attorneys' Fees and Expenses ("LaPointe Fee Decl.").

10.     Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of Mark Henry ("Henry Decl.").

11.     Attached hereto as **Exhibit 6** is a true and correct copy of the Declaration of Matt Primozich ("Primozich Decl.").

12.     Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of William J. Allen ("Allen Decl.").

**Procedural History – The Federal Action**

13.     On July 21, 2020, the action *Ellison v. Tufin Software Technologies Ltd, at al.,* Case No. 1:20-cv-05646-GHW was commenced in the United States District Court for the Southern District of New York ("Court") alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") (the "*Ellison* Action") (Dkt. No. 1) against Tufin Software Technologies Ltd. ("Tufin" or the "Company"), Reuven Kitov, Jack Wakileh, Reuven Harrison, Ohad Finkelstein, Edouard Cukierman, Yair Shamir, Ronni Zehavi, and Yuval Shachar (collectively, the "Individual Defendants" and, together with Tufin, "Defendants").

14. On August 10, 2020, a related action, *Michaelson v. Tufin Software Technologies Ltd. et al.*, Case No. 1:20-cv-06290-GHW, asserting violations of Sections 11 and 15 of the Securities Act was filed in this Court (the "*Michaelson* Action") against Tufin and the Individual Defendants.

15. On September 18, 2020, several competing motions seeking consolidation as well as appointment of lead plaintiff and lead counsel were filed. On October 19, 2020, Judge Gregory H. Woods consolidated the *Ellison* Action and the *Michaelson* Action under the caption *In re Tufin Software Technologies Ltd. Securities Litigation*, Case No. 1:20-CV-05646 (S.D.N.Y.), and appointed Mark Henry ("Henry") as Lead Plaintiff and Levi & Korsinsky, LLP ("L&K") as Lead Counsel (Dkt. No. 44).

16. On February 4, 2021, Lead Plaintiff filed the Consolidated Complaint for the Violations of the Securities Act of 1933 (Dkt. No. 55) ("Amended Complaint"), naming as defendants Tufin and the Individual Defendants. The Amended Complaint did not name the Underwriters as defendants.

17. On May 20, 2021, Defendants filed a motion to dismiss (Dkt. Nos. 61-63). Lead Plaintiff filed his opposition to the motion to dismiss on July 19, 2021 (Dkt. No. 64). And Defendants filed their reply on August 25, 2021 (Dkt. No. 68).

18. On February 25, 2022, Judge Woods entered an order granting in-part and denying in-part the motion to dismiss (Dkt. No. 69). The Court permitted Lead Plaintiff the opportunity to replead his dismissed claims. *Id*.

19. On March 31, 2022, Lead Plaintiff and Named Plaintiffs filed the operative Second Amended Consolidated Complaint for the Violations of the Securities Act of 1933 ("Second Amended Complaint") (Dkt. No. 70). The Second Amended Complaint was substantively identical

to the Amended Complaint, except that it added as named plaintiffs Matthew Primozich and William J. Allen.

20.     On April 14, 2022, Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint (Dkt. No. 73).

21.     After an Initial Pretrial Conference, on May 17, 2022, Judge Woods entered the Civil Case Management Plan and Scheduling Order (Dkt. No. 78). On August 1, 2022, at the Parties' request, the Court entered the Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 82).

22.     On August 5, 2022, the Court entered the Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 85).

23.     On January 13, 2023, Plaintiffs filed a letter for a pre-motion conference on their anticipated motion for class certification (Dkt. No. 89). On January 17, 2023, the Court entered the letter and set a briefing schedule for the motion for class certification (Dkt. No. 90). On February 16, 2023, Plaintiffs filed their motion for class certification (Dkt. Nos. 91-96).

24.     On March 14, 2023, the Court granted the Parties' request to extend the time to compete discovery (Dkt. No. 98).

25.     On April 17, 2023, the Parties informed the Court that they reached an agreement in principle to settle this matter and requested that all deadlines be adjourned *sine die*. (Dkt. No. 99).

**Procedural History – The New York State Actions**

26.     On February 26, 2020, Matt Primozich ("Primozich") filed an action styled as *Primozich v. Tufin Software Technologies Ltd., et al.*, Index No. 651287/2020 in the Supreme

Court of New York, New York County ("*Primozich* Action") asserting violations of Sections 11 and 15 of the Securities Act against Tufin and the Individual Defendants.

27.    On June 15, 2020, Avi Shmuely filed a related action styled as *Shmuely v. Tufin Software Technologies Ltd., et al.*, Index No. 652475/2020 in the Supreme Court of New York, New York County ("*Shmuely* Action") asserting violations of Sections 11 and 15 of the Securities Act against Tufin and the Individual Defendants.

28.    On July 1, 2020, Michael Roche filed a related action styled as *Roche v. Tufin Software Technologies Ltd., et al.,* Index No. 652833/2020 in the Supreme Court of New York, New York County ("*Roche* Action" and, together with the *Primozich* Action, the *Allen* Action, and the *Shmuely* Action, the "State Court Actions") asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act against Tufin, the Individual Defendants, and the Underwriters.

29.    On July 17, 2020, Plaintiffs Primozich and Allen filed a motion to consolidate the State Court Actions and appoint Primozich and Allen as co-lead plaintiffs and their counsel, Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law"), as Co-Lead Counsel. On July 28, 2020, competing plaintiffs Avi Shmuely and Michael Roche opposed Primozich's and Allen's motion and crossed moved. On August 3, 2020, Primozich and Allen filed their reply and opposed Shmuely's and Roche's cross motion.

30.    On November 17, 2020, Plaintiff Primozich filed an Amended Complaint in the *Primozich* Action and Plaintiff Allen filed an Amended Complaint in the *Allen* Action.

31.    On August 5, 2021, Justice Melissa Anne Crane granted Primozich and Allen's motion, consolidated the State Court Actions under the *Primozich* Action docket, Index No. 651287/2020, and appointed Primozich and Allen as Co-Lead Plaintiffs, and Pomerantz and Rosen Law as Co-Lead Counsel.

32.    On August 16, 2021, Primozich and Allen filed a Consolidated Amended Complaint for Violations of the Securities Act of 1933, naming as defendants only Tufin and the Individual Defendants.

33.    On September 15, 2021, Defendants filed a Motion to Stay Pending the Resolution of Identical Federal Action, and Motion to Enforce the PSLRA's Mandatory Stay of Discovery.

34.    On October 27, 2021, Plaintiffs Primozich and Allen filed a response to Defendants' motion stating that they did not oppose the motion for reasons of judicial economy. On November 3, 2021, Defendants filed a reply noting that Plaintiffs Primozich and Allen did not oppose their motion.

35.    On December 8, 2021, Justice Crane stayed the consolidated state action until the resolution of the pending motion to dismiss in the Federal Action and set a conference on March 4, 2022.

36.    On March 2, 2022, Co-Lead Counsel notified Justice Crane that the Court denied the motion to dismiss in the Federal Action and, thus, requested that the consolidated state action remain stayed and that the conference for May 4, 2022, be adjourned.

37.    On March 3, 2022, Justice Crane lifted the stay and directed the parties to appear for a conference.

38.    On April 7, 2022, the parties filed a Notice of Voluntary Discontinuance, dismissing the state court action and stating Plaintiffs Primozich and Allen would be added as Named Plaintiffs in the Federal Action and their claims would proceed in that Court.

### Settlement Terms

39.    The Settlement provides for a cash payment of $2,000,000 to settle the Class's claims. Under Plaintiffs' best-case scenario – assuming Plaintiffs overcome all of the litigation

obstacles detailed below and Defendants do not prevail on any of their arguments – Plaintiffs'

expert estimated that Plaintiffs' maximum potentially recoverable class wide damages are

$18,637,000. The expert based this class-wide damages estimate on analysis of a per share

calculation of statutory damages (equal to the purchase price (not to exceed the IPO offer price)

minus the greater of the closing price on the date of sale or the closing price on the date of suit),

and an estimate of the number of damaged shares under a proportional 80/20 Multi-Trader Model.

The damaged shares estimate does not account for the possibility that, given the years that have

passed since the events in question, a material number of Class Members will not file claims.

40.    The $2,000,000 Settlement therefore represents approximately 10.73% of the

Class's best-case, maximum recoverable damages estimate. If the Court grants final approval of

the Settlement, Plaintiffs and all Class Members who remain in the Class will forever release their

claims that were alleged or could have been alleged against Defendants in this Action.

41.    Pursuant to the Court's Order Granting Plaintiffs' Amended Motion for Preliminary

Approval of Class Action Settlement (ECF No. 111, the "Preliminary Approval Order"), requests

for exclusion and objections to the Settlement must be received by November 10, 2023. ECF No.

111, ¶22. To date, not one member of the Class has objected to any aspect of the Settlement. Craig

Decl. ¶15. Not one member of the Class has submitted a valid request for exclusion. Craig Decl.

¶14.

42.    The Long Notice, which the Court approved in the Preliminary Approval Order,

describes the Plan of Allocation in full detail. Craig Decl., Ex. A (Long Notice and Proof of Claim).

In collaboration with SCS and Plaintiffs' damages expert, and consistent with the federal securities

laws, Class Counsel formulated the Plan of Allocation for distributing the Settlement Fund fairly

and reasonably to Class Members. The Plan of Allocation does not compensate losses resulting

from "in and out" transactions, *i.e.*, losses from sales made prior to the alleged partial or final revelation of the truth. The Plan of Allocation establishes a formula that determines authorized claimants' recognized losses and calculates Class Members' *pro rata* share of the Settlement Fund (*i.e.*, Settlement Amount less attorneys' fees and expenses, and awards to Plaintiffs).

**Complexity, Expense and Likely Duration of the Litigation**

43.    Over the course of this litigation, on behalf of Plaintiffs and the Class, Class Counsel devoted significant time and effort prosecuting this action, including:

   a.    investigating and analyzing the allegations in preparing several complaints in the Action, including, among other means:

      i.    reviewing press releases, news articles, earnings call transcripts, and other public statements issued by or concerning Defendants;

      ii.    researching financial analyst reports concerning Tufin;

      iii.    reviewing and analyzing Defendants' SEC filings;

      iv.    engaging a damages consulting expert to analyze damages; and

      v.    retaining a private investigator to locate and to interview potential witnesses;

   b.    filing the First Amended Complaint ("FAC");

   c.    opposing Defendants' motion to dismiss the FAC;

   d.    reviewing the Court's decision granting in part and denying in part the motion to dismiss the FAC without prejudice;

   e.    filing the Second Amended Complaint ("SAC");

   f.    preparing and fully briefing Plaintiffs' Motion to Certify Class;

   g.    reviewing thousands of documents produced by Defendants and third-

parties in discovery; and

    h.    drafting a mediation statement and preparing for and participating in two all-day mediation sessions in which counsel for both Plaintiffs and Defendants vigorously represented the factual and legal arguments asserted by their respective clients.

44.    Before entering into the Settlement, therefore, Class Counsel and Plaintiffs had a thorough understanding of the strengths and weaknesses of Plaintiffs' case.

45.    After entering the Settlement, Class Counsel has continued to devote time and resources by, among other things:

    a.  Negotiating the substantive terms of the Settlement and related forms of notice;

    b.  Working with the Claims Administrator to craft the Plan of Allocation;

    c.  Moving for Preliminary Approval of the Settlement;

    d.  Overseeing provision of notice to the class; and

    e.  Drafting the Motion for Final Approval of the Settlement and related papers.

**Risks of Continued Litigation**

46.    Without a Settlement, Plaintiffs face protracted and expensive litigation that could last for years more, with no guarantee of matching or exceeding the recovery the Settlement provides now.

47.    While Plaintiffs and Class Counsel believe that Plaintiffs' claims are meritorious, they recognize the substantial challenges to establishing liability, proving damages, and achieving and collecting a greater recovery. The Settlement provides for a cash payment of $2,000,000, while material risks exist that Plaintiffs and the Class might recover substantially less than the Settlement Amount or nothing at all by continuing to litigate the Action.

48.     Were this case to proceed, Plaintiffs would likely need to defeat one or more dispositive motions (including, but not limited to, Defendants' anticipated motion for summary judgment), and—if successful—would then need to proceed to and through trial. Further, Plaintiffs will have to engage in a claims process to cause as many Class members as possible to file claims. Given the passage of time, claims rates might fall materially if the Class waits longer to receive payment.

49.     Establishing damages in securities class actions is difficult. Disentangling the market's reaction to various pieces of news is complicated and requires expert analysis and testimony, from both sides. Defendants have attacked Plaintiffs' proposed damages methodology and would assert at trial that per share damages are materially lower than the per share amount Plaintiffs seek to prove, or are entirely unprovable. These arguments, if successful, would significantly impact Plaintiffs' current estimate of Class-wide damages, a material data point in the determination to settle at this time.

50.     It is impossible to predict how a jury would react to this "battle of experts." A material risk exists, therefore, that a jury might disagree with Plaintiffs' expert's testimony on per share damages, or the jury might find that Plaintiffs and the Class suffered no damages at all. The Court might rule Plaintiffs' damages expert and/or his theory of damages is either legally or factually insufficient. In any of these circumstances, Plaintiffs could prevail on liability at trial and still the recovery could be materially less than the $2,000,000 Settlement Amount, or nothing at all.

51.     Even if Plaintiffs obtained a judgment materially in excess of the Settlement Amount after trial, the additional time that it would take to litigate this case through trial, post-trial

motions, and the appellate process could deny the Class any recovery for years, further reducing the value of such a judgment.

52.    The Settlement eliminates the expense and delay of continued litigation and the risk that the Class could receive a lower or no recovery.

**The Settlement Resulted From Arms-Length Negotiations Between Experienced Counsel**

53.    Class Counsel have successfully litigated securities class actions throughout the country, including in the Southern District of New York. *See* Apton Decl, Exs. 2-4 (attaching firm resumes of Levi & Korsinsky LLP, Pomerantz LLP, and The Rosen Law Firm, P.A.). With the assistance of Mr. Melnick as a neutral mediator, Class Counsel negotiated with experienced, high caliber opposing counsel from White & Case LLP, a firm experienced in defending similar securities class actions. Given these factors, we believe that the Settlement is fair, adequate, and reasonable and urge this Court to approve it.

**Class Counsel's Fee Request is Justified**

54.    Class Counsel have worked diligently to achieve the Settlement, expending 1,147.57 hours (together with additional counsel) for a lodestar value of $821,428. Exs. 2-4. The $666,666.67 in attorneys' fees that Class Counsel requests represent a 0.81 (negative) multiplier of Class Counsel's lodestar.

55.    Including work in the State Court Actions, Class Counsel has expended 1,593.11 hours (together with additional counsel) for a lodestar value of $1,118,325.75. Exs. 2-4. The $666,666.67 in attorneys' fees that Class Counsel requests represent a 0.6 (negative) multiplier of Class Counsel's lodestar.

56.    Class Counsel's work will not end with final approval of the Settlement. Class Counsel will spend more time and resources drafting and filing replies in support of its Motions,

preparing for and appearing at the Settlement Hearing, overseeing the claims process, filing a motion for distribution of the Net Settlement Fund, and overseeing the distribution of the Net Settlement Fund to eligible Class Members.

57.    Class Counsel and additional counsel spent a total of $134,014.99 in unreimbursed expenses in connection with the prosecution of this Action. Exs. 2-4. Class Counsel seeks full reimbursement of that amount. To date, Class Counsel have received neither compensation for their efforts nor reimbursement of necessary out-of-pocket expenses on behalf of Plaintiffs and the Class.

58.    From the outset, Class Counsel embarked on a difficult, expensive, and likely lengthy litigation with no guarantee of being compensated for the investment of time and resources on behalf of Plaintiffs and the Class. In undertaking that responsibility, Class Counsel dedicated sufficient resources to the Action, making funds available to compensate staff and to cover the expenses the Action required.

59.    Class Counsel has a fee sharing arrangement wherein Pomerantz LLP and The Rosen Law Firm, P.A. each receive 45% of the attorneys' fees and costs that result from this Action, and Levi & Korsinsky, LLP receives 10% of the attorneys' fees and costs that result from this Action.

### The Requested Award to Plaintiffs is Justified

60.    For over three years, Plaintiffs have led this action on behalf of the Settlement Class, communicating with Class Counsel regarding the litigation and the Settlement, reviewing briefs and filings in this Court, and participating in two mediation sessions. *See* Exs. 5-7 (Declarations of Lead Plaintiff Mark Henry and Additional Plaintiffs Matthew Primozich and

William J. Allen).  Plaintiffs request awards of $5,000 each to compensate them for their time and service. These awards would represent approximately 0.75% of the Settlement Amount.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of November, 2023, in New York City, New York.

/s/ Adam M. Apton
ADAM M. APTON

14