**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF LAW IN SUPPORT** |

Pursuant to Fed. R. Civ. P. 23(e), Lead Plaintiff Mark Henry ("Henry") and Named Plaintiffs Matt Primozich ("Primozich") and William J. Allen ("Allen") (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this Motion for Distribution of Class Action Settlement Funds and Memorandum of Law in Support.

## I.    INTRODUCTION

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation") (ECF. No. 108-2). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On August 10, 2023, the Court entered its Order granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 111). On December 1, 2023, the Court entered its Order and Final Judgment (ECF No. 124) granting Plaintiffs Motion for Final Approval of Proposed Class Action Settlement ("Final Approval Order") (ECF. No. 113).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised - Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration") at ¶¶6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently filed Craig Declaration.

1

## II.   DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than November 3, 2023. Preliminary Approval Order ¶20(a). The Claims Administrator continued processing all claims received up to December 31, 2023. Craig Declaration ¶6. As a result of an effective notice program, through December 31, 2023, SCS has received 3,150 Claim Forms. *Id.* SCS reviewed all 3,150 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

### A.  Valid and Properly-Documented Claims

SCS analyzed the 3,150 Claim Forms received through December 31, 2023, and determined that 1,176 valid and properly-documented claims were received. Of these 1,176 claims, 1,170 were timely (*i.e.* postmarked no later than November 3, 2023) ("Timely Valid Claims") and 6 were postmarked after November 3, 2023, but received on or before December 31, 2023 ("Late Valid Claims"). Craig Declaration ¶7(a). These valid claims represented Recognized Losses of $24,110,631.27, including Recognized Losses for Timely Valid Claims of $24,058,978.27 and Recognized Losses for Late Valid Claims of $51,653.00.

Lead Plaintiff requests that the Court accept all 1,176 valid claims, including the 1,170 Timely Valid Claims and the 6 Late Valid Claims. The Late Valid Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Lead Plaintiff believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the November 3, 2023, submission deadline, but while claims were still being processed. *See In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement

2

distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

Accordingly, Lead Plaintiff respectfully requests that the Court approve the 1,176 properly documented claims as listed in Exhibits B-1 and B-2 to the Craig Declaration.

### B.  Deficient and Ineligible Claims

#### 1.  Inadequately Documented Claims

SCS initially identified 24 inadequately documented claims. Craig Declaration ¶7(b). For all inadequately documented claims, SCS sent inadequacy notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.,* Exhibit C. Of the 24 claims initially identified as deficient, 9 have been successfully cured and are now considered valid. *Id.* The remaining 15 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.,* Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*

To date, none of the 15 rejected claimants has objected to or contested SCS's determination. Craig Declaration, ¶7(b). Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 15 claims.

### 2.    Ineligible Claims

In addition to the 15 claims discussed above in paragraph B.1, SCS has identified 1,959 claims that it recommends for complete rejection. Craig Declaration ¶7(c), Exhibit E. Included in this category are: (i) claims with no Recognized Losses; (ii) claims with Tufin Software Technologies, Ltd. ("Tufin") common stock were not purchased in or pursuant and/or traceable to the Registration Statement issued in connection with Tufin's April 11, 2019 initial public offering and/or the December 2, 2019 secondary public offering; (iii) duplicate claims filed; (iv) claims with shares sold short; (v) claims with common stock of Tufin that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (vi) claims filed for securities other than Tufin common stock; (vii) claim withdrawn by the filing entity; (viii) claim filed by an excluded person; and  (xi) fraudulent claims.  *Id*. Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Exhibit F. To date, none of these ineligible claimants has contested SCS' determination. Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 1,959 claims.

### III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.3 of the Stipulation, "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court." Further, pursuant to the Notice of Pendency and Proposed Settlement of Securities Class Action ("Long Notice") (ECF No. 108-2, Ex. A-1), "[t]he Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's valid 'Recognized Loss.'"  Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 1,176 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Craig Declaration, in proportion to their Recognized Losses as shown therein.

According to the Long Notice, "If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial disbursement to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible." Pursuant ¶7.7 to of the Stipulation, "[i]f a second distribution is not economically feasible, any balance that remains in the Net Settlement Fund after the payments contemplated in clauses (i) and (ii) above shall be donated to a 501(c)(3) non-profit charitable organization serving the public interest designated by Plaintiffs' Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, their Related Parties, or Defendants' Counsel, and is approved by the Court."

To the extent a balance exists after re-distribution, with the Court's approval, Lead Plaintiff designates the Investor Justice and Education Clinic of the Howard University School of Law.[1]

---

[1] https://law.howard.edu/academics/clinical-law-center/investor-justice-and-education-clinic-ijec

## IV.    RECORD RETENTION AND DESTRUCTION

Lead Plaintiff respectfully requests that SCS be permitted to destroy paper and electronic copies of Claims and all supporting documentation one year from the final distribution date.  Craig Declaration ¶9(e).

## V.    CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

DATED: March 29, 2024

**THE ROSEN LAW FIRM, P.A.**

*/s/ Brent J. LaPointe*

Phillip Kim
Laurence M. Rosen
Brent LaPointe
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com
        blapointe@rosenlegal.com

*Counsel for Named Plaintiff William J. Allen*

**LEVI & KORSINSKY, LL**
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

*Counsel for Lead Plaintiff Mark Henry*
*and Lead Counsel for the Class*

**POMERANTZ LLP**
Patrick V. Dahlstrom

6

Christopher P.T. Tourek (*pro hac vice* application forthcoming)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com
        ctourek@pomlaw.com

*Counsel for Named Plaintiff Matt Primozich*

7

## **CERTIFICATE OF SERVICE**

On March 29, 2024, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Brent J. LaPointe*
Brent J. LaPointe