USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TUFIN SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW<br><br>Hon. Gregory H. Woods<br><br>CLASS ACTION<br><br>**[PROPOSED]** ORDER GRANTING MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS |

Lead Plaintiff Mark Henry ("Henry") and Named Plaintiffs Matt Primozich ("Primozich") and William J. Allen ("Allen") (collectively, "Plaintiffs") moved this Court for an order approving distribution of the Net Settlement Fund ("Motion"). Having reviewed and considered the materials and arguments submitted in support of the motion, IT IS HEREBY ORDERED that:

1. The Motion is GRANTED in its entirety.

2. The Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, in accepting and rejecting Proof of Claim and Release forms ("Claims").[1]

3. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Margery Craig Concerning the

---

[1] This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated July 7, 2023 (the "Settlement Stipulation") (ECF. No. 108-2), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

1

Results of the Claims Administration Process ("Craig Declaration"), at the direction of Class Counsel. The Net Settlement Fund shall be distributed pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action, pursuant to this Court's Order Granting Plaintiffs' Amended Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 111).

4. SCS's administrative determinations rejecting the ineligible or otherwise deficient Claims, set forth in Exhibits D and E to the Craig Declaration, are approved. Such Claims may not receive distributions from the Settlement Fund.

5. Any Claims received after December 31, 2023, and any responses to deficiency and/or rejection notices received after February 19, 2024, are hereby rejected as untimely.

6. All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. If any balance remains in the Net Settlement Fund after at least six (6) months from the date of initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, Lead Counsel shall redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution. Any balance that remains in the Net Settlement Fund after re-distribution(s) that is not feasible or economical to reallocate, after payment of Notice and

Administration Expenses, Taxes, and attorneys' fees, shall be contributed to the Investor Justice and Education Clinic of the Howard University School of Law.

8. SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants.

9. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 126.

IT IS SO ORDERED

Dated: April 1, 2024

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE